**Lee COLE, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee,
at Knoxville.

May 25, 1979.

Mary Neill Southerland, Chattanooga, for appellant.

William M. Leech, Jr., Atty. Gen., William P. Sizer, II, Asst. Atty. Gen., Nashville,

Jerry S. Sloan, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## OPINION

DAUGHTREY, Judge.

In this appeal, the sole issue raised by the defendant-appellant concerns the failure of the trial judge to hold an evidentiary hearing on the defendant's petition for writ of error coram nobis, brought under T.C.A. § 40–3411. That statute, as amended by Acts 1978, ch. 738, § 1, now provides that "[u]pon a showing by the defendant that he was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that the evidence may have resulted in a different judgment, had it been presented at trial." This amendment apparently creates an exception to the provision in § 40–3411 immediately preceding it, which limits the relief available by writ of error coram nobis to "errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial on appeal . . . or in a habeas corpus proceeding." See generally *Johnson v. Russell*, 218 Tenn. 443, 404 S.W.2d 471 (1966); *Rowe v. State*, 498 S.W.2d 322 (Tenn.1973).

The subject matter of the instant petition is a statement purportedly signed by the victim of the offense for which the defendant was convicted. It reads:

I, Willie Longmire, state that I was mistaken when I identified Lee Cole as the person who robbed me. I was confused and frightened about the robbery and do not want someone to suffer because of this.

The evidence at trial established that Mr. Longmire, 77 years old at the time of the offense, was accosted while walking home from a nearby grocery by a man he said was known to him as "Lee Coleman." The robber first asked Longmire for a cigarette

and when his request was declined, he apparently became angry and attacked Longmire from behind. He hit the old man, knocked him down, carried away his groceries (worth some $35.00), and then returned to resume beating him. Longmire lost consciousness, and when he came to, he was lying wounded and bleeding in a ditch some distance away. His wallet and pocket change (totalling approximately $32.00) were missing. Longmire was driven to a hospital by a taxi driver. There he described the attack to police and gave them the name "Lee Coleman" and the defendant's address, which was in the victim's immediate neighborhood. At trial, Longmire identified Cole as the robber and said he had known the defendant for some four or five years.

The victim's identification of Cole was subjected to extensive and rigorous cross-examination by defense counsel. Longmire said that the defendant had asked him to "drop charges" in exchange for money and Cole's promise "not to do it again." Longmire further testified that he initially agreed to withdraw prosecution and that he so informed members of the district attorney's office, indicating to them that he was "scared" of Cole. Apparently reassured by the prosecutors, Longmire later decided to testify in the case, and at trial he was positive and unequivocal in his identification of Cole as his attacker.

The defendant produced one witness who testified that Longmire had told her that Cole was not the man who had attacked him. On direct examination, the following colloquy occurred:

Q: Do you remember—were you up here the last time this case was set for court?

A: Yes, ma'am.

Q: Do you remember accompanying Mr. Cole and myself and Mr. Longmire down to the Attorney General's office?

A: Yes, I was with you all that day.

Q: O.K. Do you remember a statement that Mr. Longmire made at that time?

A: Yes, I do.

Q: What did he say?

A: He [Longmire] said that he was—that he [Cole] did not do that to him [Longmire]. He [Longmire] said that he was going right up here to the—whatever the name of that place is—right down here—said he was going up there and tell them that he'd [Longmire] testify that he [Cole] did not do nothing to him [Longmire].

Cole testified that Longmire had said to him, "Don't worry, I'm not going to prosecute." Cole also produced several alibi witnesses. However, the jury apparently rejected his alibi defense and accredited the sworn testimony of the only eyewitness to the robbery, Mr. Longmire. Concomitantly, we must conclude that the jury knew of Longmire's pre-trial ambivalence concerning his upcoming testimony and his identification of Cole as his assailant, and that the jury decided to accept Longmire's testimony in court as opposed to his pre-trial declarations.

The defendant now complains of the trial court's failure to hold a post-trial hearing to elicit Mr. Longmire's purported recantation. The trial judge dismissed the petition without a hearing, on the ground that to permit further testimony from Mr. Longmire would create a "bad precedent" because it would invite witness intimidation and frustrate the policy favoring finality of judgments.

We conclude that the result reached by the trial judge was correct, although not for the reasons he assigned. We are in complete agreement with the trial court's expression of concern for the need for finality in criminal trials. And we recognize the danger that witnesses may be subjected to post-trial intimidation aimed at securing the recanting of damaging trial testimony. See generally *Guy v. State*, 1 Tenn.Cr.App. 366, 443 S.W.2d 520, 522 (1969). Both these

problems are inherent in the process of re-litigation authorized by the 1978 amendment to § 40–3411. However, the legislature has expressed a clear intention that these risks be balanced against a concern for minimizing injustice, and has therefore provided for relitigation in limited circumstances.

We nevertheless find that the judgment dismissing the petition in this case should be affirmed. When confronted by a § 40–3411 Request, the trial judge must make the following findings:

(1) whether or not there now exists subsequently or newly discovered evidence (even though related to matters previously litigated),

(2) which might have resulted in a different judgment had it been presented at trial,

(3) but which was not presented at that time through no fault of the defendant.

As a threshold matter, the post-trial statement signed by Mr. Longmire does not qualify as "subsequently or newly discovered evidence," because the substance of the statement was known to the defendant and was fully explored at trial. Simply put, it cannot be said to be "newly" discovered, and thus no basis exists for a hearing to determine the remaining questions prerequisite to the issuance of a writ, *i. e.*, whether the evidence, if presented, would have produced a different result, and whether the defendant should be charged with its omission into evidence. The petition should have been dismissed on this basis.

The judgments of conviction in the Trial Court are hereby affirmed.

O'BRIEN and CORNELIUS, JJ., concur.