IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 19, 2010 Session

## CYRUS DEVILLE WILSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 93-A-176      Seth Norman, Judge**

———————————————

**No. M2009-02241-CCA-R3-CO - Filed April 6, 2011**

———————————————

DAVID H. WELLES, J., dissenting.

I dissent from the majority opinion because I conclude that the allegations contained in the Petitioner's petition for a writ of error coram nobis are insufficient to demonstrate that he is entitled to relief. As such, I do not think that the coram nobis court erred when it summarily dismissed the petition without an evidentiary hearing.

The requirements for a writ of error coram nobis are codified in Tennessee Code Annotated section 40-26-105(b), which states in pertinent part as follows:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Filing a petition for a writ of error coram nobis, however, does not automatically grant the Petitioner an evidentiary hearing on the matter. See Teague v. State, 772 S.W.2d 915, 922 (Tenn. Crim. App. 1988) (concluding that the coram nobis court did not err when it failed to hold an evidentiary hearing and noting that "the petitioner failed to establish that he was entitled to an evidentiary hearing regarding this issue"); Cole v. State, 589 S.W.2d 941, 943 (Tenn. Crim. App. 1979) (finding that the coram nobis court did not err when it failed to hold an evidentiary hearing regarding a post-trial statement from the victim because the statement was not "newly discovered evidence").

Petitions for a writ of error coram nobis must contain more than vague assertions of what the Petitioner hopes to prove at an evidentiary hearing, but rather details of specific admissible evidence that demonstrate he is entitled to relief on the grounds of subsequently or newly discovered evidence. See Harris v. State, 301 S.W.3d 141, 150 (Tenn. 2010) (Koch, J., concurring) ("Judges anticipate that the petition itself embodies the best case the petitioner has for relief from the challenged judgment. Thus, the fate of the petitioner's case rests on the ability of the petition to demonstrate that the petitioner is entitled to the extraordinary relief that the writ provides.") (citations omitted). Hearings should only be granted for petitions that

> recite: (a) the grounds and the nature of the newly discovered evidence, (b) why the admissibility of the newly discovered evidence may have resulted in a different judgment if the evidence had been admitted at the previous trial, (c) the petitioner "was without fault in failing to present" the newly discovered evidence at the appropriate time, and (d) the relief sought by the petitioner.

Teague, 772 S.W.2d at 921 (citations omitted). Moreover, this Court has provided the following guidance:

> Affidavits should be filed in support of the petition either as exhibits or attachments to the petition or at some point in time prior to the hearing. An affidavit, like the testimony of a witness, must be relevant, material and germane to the grounds raised in the petition; and the affiant must have personal knowledge of the statements contained in the affidavit. Affidavits which fail to meet this criteria will not justify the granting of an evidentiary hearing since the information contained in the affidavits, taken as true, would not entitle the petitioner to relief.

Id.

In the instant case, the Petitioner presents only what he alleges is a copy of the Assistant District Attorney's notes, which state, "Good case but for most of Ws are juveniles who have already lied repeatedly." As the prosecutor's notes do not constitute evidence that would have been admissible during his trial, I believe that the Petitioner has failed to allege grounds that entitle him to relief. Granting the Petitioner an evidentiary hearing based on the petition filed herein allows the Petitioner to go on a fishing expedition. In order for a petition for a writ of error coram nobis to merit an evidentiary hearing, the Petitioner must sufficiently allege in his petition that he has already caught the fish.

It is for the foregoing reasons that I dissent.

-2-

_____

DAVID H. WELLES, JUDGE