# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 24, 2011 at Knoxville

## KYNASTON SCOTT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2000-D-2256     Seth Norman, Judge**

---

**No. M2010-01761-CCA-OT-CO - Filed September 8, 2011**

---

The Petitioner, Kynaston Scott, appeals as of right from the Davidson County Criminal Court's dismissal of his petition for a writ of error coram nobis. The Petitioner contends that the coram nobis court erred by summarily dismissing his petition without an evidentiary hearing. Following our review, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Kynaston Scott, Only, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel and Mark A. Fulks, Assistant Attorneys General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In 2001, the Petitioner was convicted by a Davidson County jury of first degree murder and felony murder, stemming from the 1998 shooting death of Melvin Sharp. State v. Kynaston Scott, No. M2001-00707-CCA-R3-CD, 2002 WL 31852856, at *1 (Tenn. Crim. App. Dec. 20, 2002), perm. app. denied (Tenn. May 12, 2003). The trial court merged these convictions and sentenced the Petitioner to life imprisonment in the Tennessee Department of Correction. Id. Key to the State's case were two juvenile eyewitnesses, Jeffrey Pinshon and Joe Vaughn, who both identified the Petitioner as the shooter from a photographic lineup. Id. at *2-3. The Petitioner's conviction was affirmed by this court on direct appeal. Id. at 8. The Petitioner subsequently filed a petition for post-conviction relief, which was

denied by the post-conviction court following an evidentiary hearing. Kynaston Scott v. State, No. M2004-00809-CCA-R3-PC, 2005 WL 94456, at *1 (Tenn. Crim. App. Jan. 11, 2005), perm. app. denied (Tenn. May 2, 2005). This court affirmed the decision of the post-conviction court on direct appeal. Id. at *7.

On May 24, 2010, the Petitioner filed a petition for writ of error coram nobis. The petition provided the address and phone number of Rudy Vaughn, a third eyewitness to the murder who was unable to be located at the time of the trial. The Petitioner contended that on April 1, 1998, Rudy Vaughn gave a statement to the Metro-Nashville Police Department that the shooter was a light-skinned black male. Rudy Vaughn was also unable to identify the Petitioner from a photographic lineup. The Petitioner contended that this testimony would have exonerated him had it been presented at trial. On July 12, 2010, the coram nobis court issued an order summarily dismissing the petition for writ of error coram nobis. In the order, the coram nobis court ruled that "[i]n light of the evidence presented at trial in this matter, it does not appear as though the newly discovered evidence could have provided any significant assistance in [the Petitioner's] defense had it been presented" at trial. Therefore, the coram nobis court concluded, the Petitioner "failed to make a sufficient showing that he is entitled to relief by writ of error coram nobis."

ANALYSIS

On appeal, the Petitioner contends that the coram nobis court erred by summarily dismissing his petition without holding an evidentiary hearing. The Petitioner argues that the order summarily dismissing his petition questioned his credibility and that the coram nobis court should have first held an evidentiary hearing to evaluate the truthfulness of his claims. The State responds that the petition should be dismissed as untimely. The State further responds that the petition fails to adequately relate the necessary prerequisites for relief. The Petitioner replies that the State waived the statute of limitations defense by failing to affirmatively raise the defense prior to this appeal.

A writ of error coram nobis is an "extraordinary remedy" available only under very limited circumstances, and thus it is "known more for its denial than its approval." State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999) (citing Penn v. State, 670 S.W.2d 426, 428 (Ark. 1984)). A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." Tenn. Code Ann. § 40–26–105(b) (2006); see State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995). The decision to grant or deny the writ rests within the discretion of the trial court. Teague v. State, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988), overruled on other grounds by Mixon, 983 S.W.2d at 671 n.13.

A petition for writ of error coram nobis must be filed within one year of the date the judgment of the trial court becomes final. See Tenn. Code Ann. §§ 27–7–103, 40–26–105; Mixon, 983 S.W.2d at 670-71. The one-year limitations period may be tolled only when required by due process concerns. See Workman v. State, 41 S.W.3d 100, 103 (Tenn. 2001). However, the State bears the burden of raising the bar of the statute of limitations as an affirmative defense. See Harris v. State, 102 S.W.3d 587, 593 (Tenn. 2003) (citing Sands v. State, 903 S.W.2d 297, 299 (Tenn. 1995)). Because there is no evidence in the record that the State ever raised the statute of limitations in the trial court, "the State is precluded from raising it as a defense in this court." Calvin O. Tankesly v. State, M2004–01440–CCA–R3–CO, 2005 WL 2008203, at *6 (Tenn. Crim. App. Aug. 19, 2005), perm. app. denied (Tenn. Feb. 6, 2006); see also Andre L. Mayfield v. State, M2009–02640–CCA–R3–CO, 2010 WL 4545822, at *4 (Tenn. Crim. App. Nov. 12, 2010) (noting that the State had waived the statute of limitations defense where it failed to raise the defense and had "57 days between the service of the petition" and the coram nobis court's order summarily dismissing the petition).

Because coram nobis claims are "singularly fact-intensive," they "are not easily resolved on the face of the petition and often require a hearing." Freshwater v. State, 160 S.W.3d 548, 554 (Tenn. Crim. App. 2004) (quoting Harris, 102 S.W.3d at 593). Additionally, the coram nobis statute "does not contain provisions for summary disposition or expedited appeals." Id. However, to state a cognizable claim, a petition for writ of error coram nobis must communicate the following:

> (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the petitioner.

Id. at 553 (citing Hart, 911 S.W.2d at 374–75). "The sufficiency of the contents of a petition for writ of error coram nobis filed pursuant to Tenn. Code Ann. § 40–26–105 is of utmost importance," because "[j]udges anticipate that the petition itself embodies the best case the petitioner has for relief from the challenged judgment." Harris v. State, 301 S.W.3d 141, 150 (Tenn. 2010) (Koch, J., concurring) (citation omitted). Accordingly, when a petition for writ of error coram nobis fails to adequately relate the necessary prerequisites for relief, the coram nobis court is not required to hold an evidentiary hearing prior to dismissing the petition. See Cole v. State, 589 S.W.2d 941, 941-43 (Tenn. Crim. App. 1979); State v. Johnny L. McGowan, Jr., No. M2007-02681-CCA-R3-CO, 2008 WL 4170273, at *3 (Tenn. Crim. App. Aug. 5, 2008), perm. app. denied (Tenn. Oct. 27, 2008).

The coram nobis statute "presupposes that the evidence (a) would be admissible pursuant to the applicable rules of evidence, and (b) is material to the issues or grounds raised in the petition." Hart, 911 S.W.2d at 375. Whether the newly discovered evidence "qualifies as impeachment evidence may be relevant in the determination but is not controlling." State v. Vasques, 221 S.W.3d 514, 528 (Tenn. 2007). Instead, the ultimate question is "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." Id. at 527 (internal quotation marks omitted).

In this case, the Petitioner's newly discovered evidence consists of the location of a third eyewitness, Rudy Vaughn, who was unable to identify the shooter in a photographic lineup on April 1, 1998. However, during the Petitioner's trial, two other eyewitnesses, Joe Vaughn and Jeffrey Pinshon, testified that the Petitioner was the shooter. Joe Vaughn and Jeffrey Pinshon also positively identified the Petitioner in a photographic lineup. On direct appeal, this court concluded that the evidence presented at trial was sufficient to support the Petitioner's convictions. We agree with the coram nobis court that the Petitioner's newly discovered evidence "does not amount to evidence that 'may have' resulted in a different outcome when compared to the quality and quantity of evidence presented by the State at trial." Accordingly, we conclude that the Petitioner has failed to state a cognizable claim for error coram nobis relief.

Furthermore, in evaluating whether a petitioner is entitled to error coram nobis relief, "the trial judge must first consider the newly discovered evidence and be 'reasonably well satisfied' with its veracity." Vasques, 221 S.W.3d at 527. Prior to trial, the Petitioner attempted to coerce a witness, Jeffrey Pinshon. The coram nobis court expressed concern with the veracity of the evidence the Petitioner subsequently sought to have admitted, noting that "[u]ndisputed proof of Petitioner's intent to have [a] witness commit perjury to his benefit is probative of the Petitioner's guilt and effectively undermines his credibility." Because "with the passage of time, evidence grows stale, witnesses disperse, and memories erode[, a] claim of newly discovered evidence which is not asserted until appellate proceedings are concluded, likely years after a person has been tried and convicted, is inherently suspect." Mixon, 983 S.W.2d at 670 (citing Herrera v. Collins, 506 U.S. 390, 403-04, 417-18 (1993)). Accordingly, we conclude that the coram nobis court did not err in summarily dismissing the petition.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the coram nobis court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE