# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## CARLOS EATON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 94-08594  W. Mark Ward, Judge**

---

**No.  W2014-00791-CCA-R3-ECN  - Filed December 17, 2014**

---

The appellant, Carlos Eaton, appeals the denial of his petition for writ of error coram nobis in which he challenged his 1995 guilty plea to first degree murder and his life sentence.  The State has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS,  J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

Carlos Eaton, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel E. Willis, Senior Counsel, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On July 10, 1995, the appellant pleaded guilty to first degree murder and received a life sentence.  The appellant did not subsequently seek post-conviction relief.

On October 31, 2013, the appellant filed a pro se petition for writ of error coram nobis in which he claimed the existence of newly discovered exculpatory evidence.  The appellant alleged that he had recently received a photograph from an anonymous source that depicted the appellant and his co-defendant, who was holding the murder weapon and wearing clothes similar to the clothes that witnesses to the murder had described the perpetrator as wearing.

The appellant also claimed that he recently received the investigative file from the Shelby County District Attorney General's Office. The investigative file included the appellant's statement that he participated in robbing the victim and fired a .22 caliber pistol at the victim and that his co-defendant fired a .32 caliber pistol at the victim, the co-defendant's statement, police reports confirming that the victim was killed with a .32 caliber bullet, and a statement from the appellant's stepfather regarding the appellant's possession of a .32 caliber firearm.

The appellant maintained that this evidence established that the co-defendant, not the appellant, fired the shot that killed the victim. The appellant also maintained that his guilty plea was the result of ineffective assistance of counsel. Finally, he maintained that the one-year statute of limitations should be tolled because he was previously unaware of the existence of the photograph and the investigative files.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." State v. Mixon, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). Tennessee Code Annotated section 40-26-105(b) provides that coram nobis relief is available in criminal cases as follows:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Our supreme court has stated the standard of review as "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." State v. Vasques, 221 S.W.3d 514, 525–28 (Tenn. 2007) (citation omitted).

Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner establishes that he or she was "without fault" in failing to present the evidence at the proper time. Harris v. State, 102 S.W.3d 587, 592 (Tenn. 2003). Coram nobis claims are "singularly fact-intensive," are not easily resolved on the face of the petition, and often require a hearing. Id. at 592-93. A guilty plea is considered a trial for purposes of the coram nobis statute. See Wlodarz v. State, 361 S.W.3d 490, 504 (Tenn. 2012). Relief may be available if the newly discovered evidence calls into

question the knowing and voluntary nature of a guilty plea. Id. at 501 (citing Newsome v. State, 995 S.W.2d 129, 134 (Tenn. Crim. App. 1998)). The decision to grant or deny coram nobis relief rests within the sound discretion of the trial court. Vasques, 221 S.W.3d at 527-28.

A petition for the writ of error coram nobis must relate: (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) that the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the petitioner. Freshwater v. State, 160 S.W.3d 548, 553 (Tenn. Crim. App. 2004). Newly discovered evidence is evidence that was unknown to the defendant at the time of the proceedings which are the subject of the coram nobis claim. Wlodarz, 361 S.W.3d at 506. It has been repeatedly held that a coram nobis court is not required to hold an evidentiary hearing when a petition for the writ of error coram nobis fails to meet the necessary prerequisites for granting relief. Cole v. State, 589 S.W.2d 941, 941–43 (Tenn. Crim. App. 1979).

Coram nobis claims are subject to a one-year statute of limitations. T.C.A. § 27-7-103. The statute of limitations is computed "from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion." Harris v. State, 301 S.W.3d 141, 144 (Tenn. 2010). The issue of whether a claim is barred by an applicable statute of limitations is a question of law, which this court reviews de novo. Id. We must construe the coram nobis statute of limitations "consistent with the longstanding rule that persons seeking relief under the writ must exercise due diligence in presenting the claim." Id.

The one-year statute of limitations may be tolled on due process grounds if the petitioner seeks relief based upon newly discovered evidence. Wilson, 367 S.W.3d at 234. In determining whether tolling is proper, the court must balance the petitioner's interest in having a hearing with the State's interest in preventing a claim that is stale and groundless. Harris, 301 S.W.3d at 145 (citing Workman v. State, 41 S.W.3d 100, 102 (Tenn. 2001)). Generally, "before a state may terminate a claim for failure to comply with . . . statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). The Burford rule consists of three steps:

> (1) determine when the limitations period would normally have begun to run;
> (2) determine whether the ground for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are

"later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995).

The appellant filed his petition more than seventeen years after the one-year statute of limitations expired. The appellant's claim that his co-defendant fired the fatal shot is not "later-arising," and he was not prevented from presenting the claim at an earlier time. The trial court found that the appellant failed to establish that the evidence was unavailable to him or trial counsel at the time that the plea was entered. The appellant was aware of the information included in the statements, including his own statement, when he entered the plea. Because the appellant was in the photograph with the co-defendant, the appellant was previously aware of its existence. Moreover, the evidence fails to demonstrate that the appellant is actually innocent of the offense as he claimed in his petition. The evidence demonstrates that he was at least criminally responsible for the victim's death, rather than directly responsible as the shooter.

The appellant also claims that his plea was the result of the ineffective assistance of counsel. A claim of ineffective assistance of counsel, however, is not an appropriate ground for coram nobis relief. See Mindy Dodd v. State, No. M2013-02385-CCA-R3-ECN, 2014 Tenn. Crim. App. LEXIS 380, at *10 (Tenn. Crim. App. Apr. 22, 2014). The appellant is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE