# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## FREDERICK MOORE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C14174  Roy B. Morgan, Jr., Judge**

---

**No.  W2014-01740-CCA-R3-ECN  - Filed April 9, 2015**

---

Appellant, Frederick Moore, appeals the denial of his petition for writ of error coram nobis in which he challenged his convictions for first degree premeditated murder, felony murder, aggravated kidnapping, and two counts of tampering with evidence and his effective sentence of life imprisonment plus twenty years.  We affirm the judgment of the coram nobis court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

ROGER A. PAGE,  J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Frederick Moore, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Benjamin A. Ball, Senior Counsel, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Appellant was convicted of premeditated first degree murder, felony murder, aggravated kidnapping and two counts of tampering with evidence. Appellant's convictions resulted from the murder of Latonya Cole, his ex-girlfriend, on the day before they were scheduled to appear in court regarding child support payments.  The evidence presented at trial included the testimony of Brad and Dennis Smartt, who lived near the victim. *See State v. Frederick Lamont Moore*, No. W2009-01266-CCA-R3-CD, 2011 WL 856379, at *2 (Tenn. Crim. App. Mar. 9, 2011).  They both saw a vehicle matching the description of appellant's car parked in their driveway between 12:00 and 12:30 a.m. *Id.*  At approximately

1:00 a.m., Brad Smartt saw a man and a woman walk into his yard from the direction of the victim's home. *Id.* The man was helping the woman as though she was injured, and the woman appeared "[j]ell-o-like." *Id.* The man helped the woman into the car, picking up her feet to get her inside. *Id.* Based upon this testimony and other evidence, appellant was convicted as charged.

The trial court merged appellant's murder convictions and imposed an effective sentence of life plus twenty years. This court affirmed appellant's convictions on direct appeal. *See id.* at *1.

Appellant then filed a petition for post-conviction relief alleging that he received ineffective assistance of counsel at trial. The post-conviction court denied relief, and this court affirmed the post-conviction court's judgment on appeal. *See Frederick Moore v. State*, No. W2012-02189-CCA-R3-PC, 2013 WL 6001928, at *1 (Tenn. Crim. App. Nov. 6, 2013).

On July 15, 2014, appellant filed a petition for writ of error coram nobis in which he alleged newly discovered evidence. It consisted of photographs of the outside of the victim's residence, photographs of the outside of the Smartts' residence, and measurements of the area. Appellant maintained that the evidence discredited the testimony of the Smartts. On July 23, 2014, the State filed a response maintaining that appellant's petition was time-barred and without merit. On August 14, 2014, the trial court entered an order dismissing the petition. The trial court found that the petition was time-barred and that the evidence relied upon by appellant was easily obtainable at the time of the trial. This appeal followed.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). Tennessee Code Annotated section 40-26-105(b) provides that coram nobis relief is available in criminal cases as follows:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Our supreme court has stated the standard of review as "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." *State v. Vasques*, 221 S.W.3d 514, 525-28 (Tenn. 2007) (citation omitted).

Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner establishes that he or she was "without fault" in failing to present the evidence at the proper time. *Harris v. State*, 102 S.W.3d 587, 592 (Tenn. 2003). Coram nobis claims are "singularly fact-intensive," are not easily resolved on the face of the petition, and often require a hearing. *Id.* at 592-93. The decision to grant or deny coram nobis relief rests within the sound discretion of the trial court. *Vasques*, 221 S.W.3d at 527-28.

A petition for the writ of error coram nobis must relate: (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) that the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the petitioner. *Freshwater v. State*, 160 S.W.3d 548, 553 (Tenn. Crim. App. 2004). Newly discovered evidence is evidence that was unknown to the defendant at the time of the proceedings which are the subject of the coram nobis claim. *Wlodarz v. State*, 361 S.W.3d 490, 506 (Tenn. 2012). It has been repeatedly held that a coram nobis court is not required to hold an evidentiary hearing when a petition for the writ of error coram nobis fails to meet the necessary prerequisites for granting relief. *Cole v. State*, 589 S.W.2d 941, 941-43 (Tenn. Crim. App. 1979).

Coram nobis claims are subject to a one-year statute of limitations. Tenn. Code Ann. § 27-7-103. The statute of limitations is computed "from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion." *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010). The issue of whether a claim is barred by an applicable statute of limitations is a question of law, which this court reviews de novo. *Id.* We must construe the coram nobis statute of limitations "consistent with the longstanding rule that persons seeking relief under the writ must exercise due diligence in presenting the claim." *Id.*

The one-year statute of limitations may be tolled on due process grounds if the petitioner seeks relief based upon newly discovered evidence. *Wilson*, 367 S.W.3d at 234. In determining whether tolling is proper, the court must balance the petitioner's interest in having a hearing with the State's interest in preventing a claim that is stale and groundless.

*Harris*, 301 S.W.3d at 145 (citing *Workman v. State*, 41 S.W.3d 100, 102 (Tenn. 2001)). Generally, "before a state may terminate a claim for failure to comply with . . . statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). The *Burford* rule consists of three steps:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the ground for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

Appellant's judgments were entered in February and March of 2009, and appellant did not file his petition for writ of error coram nobis until July of 2014 more than four years after the one-year statute of limitations expired. Evidence in the form of photographs of the two residences and measurements as illustrated in the photographs is not "later-arising," and appellant was not prevented from presenting the claim at an earlier time. Appellant failed to establish that the evidence was unavailable to him or trial counsel at the time of trial. Accordingly, the appellant's claim is time-barred, and due process does not warrant tolling of the statute of limitations.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROGER A. PAGE, JUDGE