IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**MIKE SETTLE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. 14229     Kyle Atkins, Judge**

_____

**No. W2015-01629-CCA-R3-ECN  -  Filed February 5, 2016**
_____

The Petitioner, Mike Settle, appeals the trial court's denial of his petition for writ of error coram nobis.  The State has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Mike Settle, Wartberg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Brent C. Cherry, Senior Counsel, for the Appellee, State of Tennessee.

**OPINION**

As previously noted by this court, the Petitioner "is no stranger to the legal process."  *Mike Settle v. David Osborne, Warden*, No. E2011-00766-CCA-R3-HC, 2012 WL 344937, at *1 (Tenn. Crim. App. Feb. 3, 2012), *perm. app. denied* (Tenn. Apr. 11, 2012).  This court has summarized the facts pertaining to the Petitioner's case as follows:

> In January of 2001, Petitioner pled guilty in Madison County Circuit Court to one count of felony escape, one count of especially aggravated

kidnapping, one count of aggravated robbery, and two counts of aggravated assault. The underlying facts that led to the convictions arose when Petitioner became ill and was transported from the Hardeman County Correctional Facility to a hospital in Jackson, Tennessee. Petitioner was eventually admitted to the hospital for further treatment. Two days later, he overpowered a guard, took the officer's weapon, and pointed it at the guard's head. Petitioner ultimately escaped from the hospital with a hostage in a stolen car. He was recaptured and returned to prison. As a result of the plea agreement, Petitioner received a sentence of six years for the felony escape conviction, twenty-five years for the especially aggravated kidnapping conviction, twenty-five years for the aggravated robbery conviction, and fifteen years for each aggravated assault conviction. The sentences were ordered to be served concurrently with each other and with a federal sentence as well as a sentence in a separate Madison County case. The sentences were ordered to be served consecutively to sentences for several prior convictions from Shelby County.

*Id.* The Petitioner previously filed six petitions for writ of habeas corpus, all of which were dismissed. *See Mike Settle v. Brenda Jones, Warden*, No. W2014-01362-CCA-R3-HC, 2014 WL 7433010, at *1-2 (Tenn. Crim. App. Dec. 30, 2014).

On September 10, 2014, the Petitioner filed a petition for writ of error coram nobis in which he alleged that Tennessee Code Annotated section 39-160605 and Tennessee Rule of Criminal Procedure 32(c)(3)(B) constituted newly discovered evidence. The Petitioner maintained that his sentence for escape was ordered to run concurrently with his federal sentence, in direct contravention of section 39-16-605(d) and Rule 32(c)(3)(B). The Petitioner further contended that he was unaware of these provisions when he entered his plea and that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to provide the statute and rule to him in discovery prior to his plea.

On January 30, 2015, the State filed a response to the petition, asserting that the petition is time barred and that the Petitioner is not otherwise entitled to relief. On August 4, 2015, the trial court entered an order dismissing the Petitioner's petition. This appeal followed.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). Tennessee Code Annotated section 40-26-105(b) provides that coram nobis relief is available in criminal cases as follows:

The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Our supreme court has stated the standard of review as "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." *State v. Vasques*, 221 S.W.3d 514, 525-28 (Tenn. 2007) (citation omitted).

Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner establishes that he or she was "without fault" in failing to present the evidence at the proper time. *Harris v. State*, 102 S.W.3d 587, 592 (Tenn. 2003). Coram nobis claims are "singularly fact-intensive," are not easily resolved on the face of the petition, and often require a hearing. *Id.* at 592-93. The decision to grant or deny coram nobis relief rests within the sound discretion of the trial court. *Vasques*, 221 S.W.3d at 527-28.

A petition for the writ of error coram nobis must relate: (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) that the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the petitioner. *Freshwater v. State*, 160 S.W.3d 548, 553 (Tenn. Crim. App. 2004). Newly discovered evidence is evidence that was unknown to the defendant at the time of the proceedings which are the subject of the coram nobis claim. *Wlodarz v. State*, 361 S.W.3d 490, 506 (Tenn. 2012). It has been repeatedly held that a coram nobis court is not required to hold an evidentiary hearing when a petition for the writ of error coram nobis fails to meet the necessary prerequisites for granting relief. *Cole v. State*, 589 S.W.2d 941, 941-43 (Tenn. Crim. App. 1979).

Coram nobis claims are subject to a one-year statute of limitations. Tenn. Code Ann. § 27-7-103. The statute of limitations is computed "from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion." *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010). The issue of whether a

3

claim is barred by an applicable statute of limitations is a question of law, which this court reviews de novo. *Id.* We must construe the coram nobis statute of limitations "consistent with the longstanding rule that persons seeking relief under the writ must exercise due diligence in presenting the claim." *Id.*

The one-year statute of limitations may be tolled on due process grounds if the petitioner seeks relief based upon newly discovered evidence. *Wilson*, 367 S.W.3d at 234. In determining whether tolling is proper, the court must balance the petitioner's interest in having a hearing with the State's interest in preventing a claim that is stale and groundless. *Harris*, 301 S.W.3d at 145 (citing *Workman v. State*, 41 S.W.3d 100, 102 (Tenn. 2001)). Generally, "before a state may terminate a claim for failure to comply with . . . statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). The *Burford* rule consists of three steps:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the ground for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

The judgments related to the Petitioner's guilty plea were entered on January 10, 2001. Accordingly, the Petitioner's September 2014 petition was filed outside the one-year statute of limitations.

Moreover, due process considerations do not require the tolling of the statute of limitations. This court has recognized that "'discovery' by a defendant of a statute he was not aware existed at the time of his trial is not a valid basis for coram nobis relief." *Dean Heath v. State*, No. W2013-00181-CCA-R3-CO, 2014 WL 297980, at *2 (Tenn. Crim. App. Jan. 27, 2014); *see Philander Butler v. State*, No. W2012-01512-CCA-R3-CO, 2013 WL 1282313, at *5 (Tenn. Crim. App. Mar. 28, 2013) (stating that a petitioner's "own fresh understanding of the law is not newly discovered evidence"). Therefore, the trial court properly dismissed the Petitioner's coram nobis petition.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and

such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

JOHN EVERETT WILLIAMS, JUDGE