
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 5, 2017

## ALFONSO CHALMERS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 98-09236      Chris Craft, Judge
_____

**No. W2016-01500-CCA-R3-ECN**
_____

The Petitioner, Alfonso Chalmers, appeals the denial of his petition for the writ of error coram nobis in which he challenged his conviction for premeditated first degree murder and resulting sentence of life in prison. The Petitioner filed a petition for the writ of error coram nobis, alleging that newly discovered mental health records reveal that he was diagnosed as psychotic and, therefore, unable to be convicted for premeditated first degree murder. The coram nobis court summarily dismissed the petition, finding that it was time-barred, was meritless, and raised issues previously determined by this court. Following review of the record and applicable law, we affirm the judgment of the coram nobis court in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Alfonso Chalmers, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

This court previously summarized the Petitioner's relevant procedural history relating to his first degree murder conviction as follows:

The record before us reflects that the petitioner was convicted of first degree murder in 1999. The petitioner appealed his conviction and sentence, and this court affirmed the judgment of the trial court in April 2001. *State v. Alfonzo Chalmers*, No. W2000-00440-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 245 (Jackson, Apr. 4, 2001). [1] The petitioner timely filed a petition for post-conviction relief, which the trial court dismissed. This court affirmed the dismissal in June 2013. *Alphonzo Chalmers v. State*, No. W2002-02270-CCA-R3-PC, 2003 Tenn. Crim. App. LEXIS 533, 2003 WL 21392819 (Jackson, June 13, 2003).

On July 31, 2013, the petitioner filed the instant petition for writ of error coram nobis, alleging that he had obtained newly discovered evidence that was not discoverable at the time of his trial. The petitioner stated that his mother had recently obtained his mental health records from the Memphis Mental Health Institute (MMHI) after the petitioner signed a release of records form. The petitioner contended that the records refute the testimony of Dr. Rokeye S. Farooque and Dr. Samuel Craddock, who testified at his trial. The petitioner maintained that the records reflect that he had hallucinations and was paranoid and that if the jury had known of these problems, the outcome at trial would have been different. The petitioner further alleged that the records were withheld by the State in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

The coram nobis court found that the petition was not timely and should be dismissed. Additionally, the court stated that even if the petition were timely, the petitioner's claim had no merit. The court cited this court's opinion in the petitioner's direct appeal, wherein this court summarized the testimony of Dr. Craddock and Dr. Farooque, which included the records from the MMHI. The coram nobis court noted that both doctors had concluded that the petitioner was malingering. Dr. Farooque also concluded that the petitioner's problems resulted from his abuse of cocaine and alcohol. The court held that the records were not newly discovered evidence and "did not make any difference at the petitioner's trial." The court observed that the records could have been easily obtained by the petitioner prior to trial. Additionally, the court found that the State had not violated *Brady*.

---

[1] The spelling of the Petitioner's first name varies depending on the source. For the purposes of this opinion, we consider the spelling as found in the style of this case, "Alfonso," proper.

- 2 -

*Alphonzo Chalmers v. State*, No. W2014-00377-CCA-R3-ECN, 2015 WL 847131, at *1 (Tenn. Crim. App. Feb. 26, 2015). In upholding the coram nobis court's denial of relief on appeal, this court reasoned:

> The petitioner maintained that his mother was able to obtain the discharge plan report after he signed a release form. No evidence indicates that the petitioner would not have been able to obtain the records prior to trial. Moreover, as the coram nobis court found, the issue of the petitioner's mental health was litigated at trial. The petitioner's trial counsel was obviously aware of the petitioner's mental health records; accordingly, the petitioner should have been aware of them as well. Further, the mental health records show nothing new or inconsistent with the evidence adduced at trial. Accordingly, we conclude that the trial court did not err by denying the petition for writ of error coram nobis.

*Id.* at *4 (internal citations omitted).

The Petitioner filed another petition for writ of error coram nobis that is the subject of this appeal. In the present writ of error coram nobis, the Petitioner again argues that the same mental health records from MMHI constitute newly discovered evidence that was wrongfully withheld by the State and "would have changed the outcome of his trial had he known such evidence existed." He contends that the mental health records from MMHI show that "he was in fact diagnosed as psychotic which clearly would have affected his ability to form[] the requisite mens rea of premeditation." The coram nobis court summarily dismissed the petition, finding that it was "untimely filed, being [] without merit, and as now alleging issues that have been previously decided against the petitioner by this court and the Court of Criminal Appeals."

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). Tennessee Code Annotated section 40-26-105(b) provides that coram nobis relief is available in criminal cases as follows:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which

were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

Our supreme court has stated the standard of review as "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." *State v. Vasques*, 221 S.W.3d 514, 525-28 (Tenn. 2007) (citation omitted).

Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner establishes that he or she was "without fault" in failing to present the evidence at the proper time. *Harris v. State*, 102 S.W.3d 587, 592 (Tenn. 2003). Coram nobis claims are "singularly fact-intensive," are not easily resolved on the face of the petition, and often require a hearing. *Id.* at 592-93. The decision to grant or deny coram nobis relief rests within the sound discretion of the trial court. *Vasques*, 221 S.W.3d at 527-28.

A petition for the writ of error coram nobis must relate: (1) the grounds and the nature of the newly discovered evidence; (2) why the admissibility of the newly discovered evidence may have resulted in a different judgment had the evidence been admitted at the previous trial; (3) that the petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (4) the relief sought by the petitioner. *Freshwater v. State*, 160 S.W.3d 548, 553 (Tenn. Crim. App. 2004). Newly discovered evidence is evidence that was unknown to the defendant at the time of the proceedings which are the subject of the coram nobis claim. *Wlodarz v. State*, 361 S.W.3d 490, 506 (Tenn. 2012). It has been repeatedly held that a coram nobis court is not required to hold an evidentiary hearing when a petition for the writ of error coram nobis fails to meet the necessary prerequisites for granting relief. *Cole v. State*, 589 S.W.2d 941, 941-43 (Tenn. Crim. App. 1979).

Coram nobis claims are subject to a one-year statute of limitations. T.C.A. § 27-7-103. The statute of limitations is computed "from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion." *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010). The issue of whether a claim is barred by an applicable statute of limitations is a question of law, which this court reviews de novo. *Id.* We must construe the coram nobis statute of limitations "consistent with the longstanding rule that persons seeking relief under the writ must exercise due diligence in presenting the claim." *Id.*

The one-year statute of limitations may be tolled on due process grounds if the petitioner seeks relief based upon newly discovered evidence. *Wilson*, 367 S.W.3d at

234. In determining whether tolling is proper, the court must balance the petitioner's interest in having a hearing with the State's interest in preventing a claim that is stale and groundless. *Harris*, 301 S.W.3d at 145 (citing *Workman v. State*, 41 S.W.3d 100, 102 (Tenn. 2001)). Generally, "before a state may terminate a claim for failure to comply with ... statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). The *Burford* rule consists of three steps:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the ground for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

The coram nobis court summarily dismissed the petition, finding that it was untimely and without merit. The Petitioner did not timely file the instant writ of error coram nobis and did not present any facts establishing that due process mandated the tolling of the statute of limitations. Rather, this court has already denied the Petitioner relief of the exact grounds that he alleges before this court now. *Alphonzo Chalmers v. State*, No. W2014-00377-CCA-R3-ECN, 2015 WL 847131, at *1 (Tenn. Crim. App. Feb. 26, 2015). Accordingly, we hold that the coram nobis court properly denied Petitioner's writ of error coram nobis.

When an opinion would have no precedential value, this court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE

- 5 -