IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 23, 2024

## AVERY LAVERNE DAVENPORT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Cumberland County**
**No. CC18CR211    Wesley Thomas Bray, Judge**

———————————————

### No. E2023-01514-CCA-R3-ECN

———————————————

The Petitioner, Avery LaVerne Davenport, appeals from the Cumberland County Criminal Court's summary dismissal of his petition for the writ of error coram nobis. The coram nobis court dismissed the petition as untimely. On appeal, the Petitioner contends that the court erred in dismissing his petition. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

Avery LaVerne Davenport, Whiteville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Edwin Alan Groves, Jr., Assistant Attorney General; Bryant C. Dunaway, District Attorney General; Philip Hatch, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On October 7, 2019, the Petitioner was convicted upon his best-interest guilty plea, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), of statutory rape by an authority figure. Acting pro se, he filed the present petition for the writ of error coram nobis on October 16, 2023, alleging that newly discovered evidence demonstrated his actual innocence of the conviction offense. Specifically, he claimed that he had learned "just a few months ago" of the existence of a recording of the victim stating "she lied about rape and . . . is willing to explain it to the court if she is given the chance." The petition did not allege a factual basis to support due process tolling of the one-year statute of limitations for coram nobis actions, nor did it request that the statute of limitations be tolled. *See* T.C.A. § 27-7-103 (2017). The coram nobis court summarily dismissed the petition as untimely.

On appeal, the Petitioner argues that the statute of limitations should be tolled because "the newly discovered evidence was not available prior to trial and did not become available until the victim actually recanted her statement years later." He argues, as well, that he should receive a hearing in order to present evidence of his actual innocence of the conviction offense. The State responds that because the Petitioner was convicted upon a guilty plea, rather than at a trial, he is foreclosed from seeking the writ of error coram nobis and that, because the foregoing determination is fatal to this action, the question of due process tolling of the statute of limitations is moot. We hold that the coram nobis court did not err in summarily dismissing the petition because the petition was untimely and because the Petitioner was not eligible for the writ of error coram nobis from his guilty-plea conviction.

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105(b) (2018); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995); *see Cole v. State*, 589 S.W.2d 941 (Tenn. Crim. App. 1979). The purpose of a coram nobis proceeding "is to bring to the attention of the court some fact unknown to the court, which if known would have resulted in a different judgment." *State ex rel. Carlson v. State*, 407 S.W.2d 165, 167 (Tenn. 1966). Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner establishes that he or she was "without fault in failing to present the evidence at the proper time." *Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003), *overruled on other grounds by Nunley v. State*, 552 S.W.3d 800, 828 (Tenn. 2018). The decision to grant or deny such a writ rests within the sound discretion of the court. *See Nunley*, 552 S.W.3d at 826.

A petition for the writ of error coram nobis must be filed within one year of the final judgment of conviction. T.C.A. § 27-7-103. Timely filing of a petition for the writ of error coram nobis "'is an essential element of a coram nobis claim.'" *Nunley*, 552 S.W.3d at 826 (quoting *Harris v. State*, 301 S.W.3d 141, 153 (Tenn. 2010) (Koch, J., concurring)). In the event a coram nobis petitioner seeks equitable tolling of the statute of limitations, the petitioner must allege the specific factual basis upon which equitable tolling is sought. *Id.*

> To be entitled to equitable tolling, a prisoner must demonstrate with particularity in the petition: (1) that the ground or grounds upon which the prisoner is seeking relief are "later arising" grounds, that is grounds that arose after the point in time when the applicable statute of limitations normally would have started to run; [and] (2) that, based on the facts of the case, the strict application of the statute of limitations would effectively deny the

prisoner a reasonable opportunity to present his or her claims. . . . A prisoner is not entitled to equitable tolling to pursue a patently non-meritorious ground for relief.

*Id.* (quoting *Harris*, 301 S.W.3d at 153 (Koch, J., concurring)). "[T]he petition must be pled with specificity." *Id.* The court is not required to grant a hearing before dismissing the petition if it does not demonstrate the prerequisites for a grant of coram nobis relief. *Id.*

The petition in the present case stated that the Petitioner learned of newly discovered evidence "just a few months ago" but did not provide a detailed timeline for his discovery of the evidence or otherwise demonstrate that he had diligently pursued the claim upon discovery, nor did the petition request equitable tolling of the statute of limitations on due process grounds. Because the Petitioner failed to request equitable tolling and to allege a sufficient factual basis to support such a request, the coram nobis court did not err in summarily dismissing the petition as untimely.

We have considered, as well, the State's argument that the petition was subject to summary dismissal because the Petitioner's conviction resulted from an *Alford* best-interest guilty plea and, therefore, was not subject to collateral attack via the writ of error coram nobis. In this regard, our supreme court has said, "[T]he coram nobis statute is not available as a procedural mechanism for collaterally attacking a guilty plea." *See Frazier v. State*, 495 S.W.3d 246, 253 (Tenn. 2016). Rather, the writ is limited in scope to those petitioners whose convictions resulted from a trial. *Id.* at 250; *see* T.C.A. § 40-26-105(b). The *Frazier* court stated that its holding encompassed *Alford* best-interest guilty pleas. *See id.* at 250 n.1. Although the coram nobis court did not base its dismissal upon the Petitioner's conviction having resulted from a guilty plea, this fact presents a second fatal flaw in the Petitioner's bid for the writ of error coram nobis and provides an additional basis to support the court's summary dismissal of the petition. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the coram nobis court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE