IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 23, 2019

## CLARENCE D. SCHREANE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 304344    Thomas C. Greenholtz, Judge**

_____

### No. E2018-01658-CCA-R3-ECN

_____

The Petitioner, Clarence D. Schreane, appeals the Hamilton County Criminal Court's summary dismissal of his petition for a writ of error coram nobis from his first degree felony murder and especially aggravated robbery convictions, for which he received an effective sentence of life plus sixty years. We affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Clarence D. Schreane, Terre Haute, Indiana, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; and Neal Pinkston, District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case relates to the 1991 robbery and killing of Marcus Edwards. In 1999, the Petitioner confessed to participating in the robbery of the victim's place of business and to striking the victim with a rock before the Petitioner's codefendant, Charles Turner, shot the victim and took the victim's firearm and a cigar box that contained money. The men fled the scene in the Petitioner's car. *See State v. Clarence David Schreane*, No. E2005-00520-CCA-R3-CD, 2006 WL 891394, at *1 (Tenn. Crim. App. Apr. 5, 2006), *perm. app. denied* (Tenn. Aug. 28, 2006). On appeal, the Petitioner contended that his confession should have been suppressed because he was not "given his *Miranda* warnings in time" and because he confessed in exchange "for certain concessions and a promise of leniency." *Id*. at *3. This court determined that the Petitioner initiated

contact with the police to discuss the victim's murder, that the Petitioner was not subjected to a custodial interrogation before the officers advised him of his *Miranda* rights and obtained a waiver of rights form, and that the Petitioner's statement was voluntary and was not the result of improper promises. *Id*. at *5-6.

The Petitioner unsuccessfully sought post-conviction relief on the basis that he received the ineffective assistance of counsel, in relevant part, because trial counsel did not seek to suppress his confession on the basis that he was denied the right to counsel. *See Clarence David Schreane v. State*, No. E2009-01103-CCA-R3-PC, 2010 WL 3919264, at *1 (Tenn. Crim. App. Oct. 7, 2010), *perm. app. denied* (Tenn. Jan. 18, 2011). Again, this court determined that the Petitioner was not questioned in a custodial interrogation and that, as a result, his right to counsel was not violated. *See id*. at *9. The Petitioner unsuccessfully sought to reopen his post-conviction proceedings. *See Clarence D. Schreane v. State*, No. E2012-00954-CCA-R3-CO, 2013 WL 5516430 (Tenn. Crim. App. Oct. 2, 2013), *perm. app. denied* (Tenn. Jan. 14, 2014).

Likewise, the Petitioner sought error coram nobis relief on the basis that he had obtained newly discovered evidence showing his confession should have been suppressed. *See Clarence D. Schreane v. State*, No. E2012-01202-CCA-R3-PC, 2013 WL 173193 (Tenn. Crim. App. Jan. 16, 2013), *perm. app. denied* (Tenn. May 7, 2013). He alleged that his confession was involuntary, that he had invoked his right to counsel, and that the prosecution violated *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *Id*. at *1-5. The Petitioner's alleged newly discovered evidence was in the form of "eight legal tapes" that contained recordings of suspects who had been interviewed by the police before the case "became cold" and before the Petitioner contacted the police to discuss the victim's killing. *Id*. at *5-8. The Petitioner argued the tapes showed his confession was involuntary. *Id*. at *8. This court determined that the Petitioner failed to present newly discovered evidence that would entitle him to error coram nobis relief. *Id*.

The Petitioner later sought habeas corpus relief on the basis that the indictment should have been dismissed because the prosecution "violated *Brady* by not informing the grand jury of the audiotape recordings of statements by other witnesses and/or potential suspects." *Clarence D. Schreane v. State*, No. E2013-01161-CCA-R3-HC, 2013 WL 6229527, at *2 (Tenn. Crim. App. Dec. 2, 2013). The Petitioner alleged that, without the recordings, the grand jury had been unable to investigate whether sufficient proof supported an indictment. *Id*. This court affirmed the habeas corpus court's determination that the indictment was facially valid and that the allegation related to the grand jury investigation was not a cognizable claim for habeas corpus relief. *Id*. The Petitioner was likewise unsuccessful in obtaining federal habeas corpus relief. *See Schreane v. Ebbert*, 864 F.3d 446 (6th Circ. 2017).

In January 2018, the Petitioner filed the instant petition for a writ of error coram nobis. In the petition, he stated that he was entitled to relief, in relevant part, because (1) the trial court judge violated his right to due process by "allowing the jury to hear the tape [of his confession] before a determination was made" regarding its voluntariness, (2) the prosecution violated *Brady* by failing to provide discovery materials before the trial related to the recordings of suspects' 1991 police interviews, and (3) his confession was involuntary in that the police failed to advise him fully of his *Miranda* rights and violated his right to counsel.

The coram nobis court concluded that the Petitioner's allegations that (1) his confession was involuntary due to improper promises by the police, (2) his confession was obtained in violation of *Miranda*, (3) the trial court erred by failing to review the circumstances of the confession outside the presence of the jury and to suppress the confession, and (4) the prosecutor's failure to provide the recordings of other suspects' police interviews violated *Brady* had been previously determined. The court determined that the Petitioner was barred from raising them again in the present petition for a writ of error coram nobis. This appeal followed.

The Petitioner contends that he is entitled to coram nobis relief. He argues the trial court failed to review his confession out of the jury's presence before admitting it at the trial and that the trial court was required to hold a hearing to determine the voluntariness of the statement after the defense objected at the trial. He asserts that, during the police interview, he was denied his right to counsel, was not advised fully of his *Miranda* rights, and was coerced into confessing to the killing. He argues that the State violated *Brady* by failing to provide in the discovery materials the recordings of other suspects' police interviews and that, as a result, his rights to a fair trial and to present a defense were violated.

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were not litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105(b) (2012); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995); *see Cole v. State*, 589 S.W.2d 941 (Tenn. Crim. App. 1979). The purpose of a coram nobis proceeding "is to bring to the attention of the court some fact unknown to the court, which if known would have resulted in a different judgment." *State ex rel. Carlson v. State*, 407 S.W.2d 165, 167 (Tenn. 1966). The decision to grant or deny such a writ rests within the sound discretion of the court. *Jones v. State*, 519 S.W.2d 398, 400 (Tenn. Crim. App. 1974); *see Teague v. State*, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988). A petition for a writ of error coram nobis must be filed within one year of the judgment becoming final in the trial court. *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999). A judgment becomes final "thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion." *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010). A limited exception to the

statute of limitations exists when due process requires tolling. *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001).

"When a petitioner seeks a writ of error coram nobis based on newly discovered evidence of actual innocence, due process considerations may require tolling of the statute of limitations." *Harris*, 301 S.W.3d at 145 (citing *Workman*, 41 S.W.3d at 101). "[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992); *see Workman*, 41 S.W.3d at 102. However, a petitioner "must exercise due diligence in presenting the claim." *Harris*, 301 S.W.3d at 144. Whether due process principles require tolling the statute of limitations is a mixed question of law and fact and is reviewed de novo with no presumption of correctness. *See Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006).

The record reflects that the coram nobis petition was filed long after the one-year statute of limitations expired. *See Clarence David Schreane*, 2006 WL 891394, at *1. Relative to due process tolling, the Tennessee Supreme Court has prescribed a three-part analysis whereby the coram nobis court must

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," *Burford*, 845 S.W.2d at 207, against the State's interest in preventing the litigation of "stale and fraudulent claims." *Id.* at 208.

*Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995) (footnote omitted).

The record reflects that the Petitioner's present claims have been previously litigated and that the Petitioner has not presented any newly discovered evidence supporting his allegations. In the direct appeal of his convictions, the Petitioner asserted that the trial court should have suppressed his confession because the police failed to comply with *Miranda* and because his confession was coerced in that it was the result of "improper" concessions and a promise of leniency. However, this court determined that the Petitioner was not interviewed pursuant to a custodial interrogation before the police officers advised him of his *Miranda* rights and that his confession was voluntary. *See*

- 4 -

*Clarence David Schreane*, 2006 WL 891394, at *3, 5-6. In his post-conviction petition, the Petitioner alleged that trial counsel provided ineffective assistance because counsel did not seek to have the Petitioner's confession suppressed on the basis that he was denied his right to counsel. Again, this court determined that the Petitioner was not initially questioned pursuant to a custodial interrogation and that, as a result, his right to counsel was not violated. *See Clarence David Schreane*, 2010 WL 3919264, *8-9. This court further determined that "any statement the Petitioner made during subsequent custodial interrogation did not violate his right to counsel because he waived that right before any custodial interrogation began." *Id*. at *9. In his previous error coram nobis proceeding, the Petitioner alleged that he was entitled to relief because the trial court failed to review the confession before admitting it at the trial and because the State violated *Brady* by failing to disclose the 1991 recordings of police interviews of eight suspects before the case went cold. The Petitioner asserted the recordings were newly discovered evidence. This court determined that the Petitioner's allegation that the trial court should have reviewed the confession before admitting it at the trial was time-barred and that the recordings of police interviews of other people were not newly discovered evidence and could not show that the Petitioner's confession was involuntary. *See Clarence David Schreane*, 2013 WL 173193, at *5-8.

Therefore, this court has previously determined that the police did not deny the Petitioner of his right to counsel, that the police did not violate *Miranda*, and that the Petitioner's confession was voluntary. This court has likewise previously determined that the State did not violate *Brady* by failing to disclose the recordings of police interviews conducted in 1991 before the Petitioner contacted the police about the victim's killing. The Petitioner has not alleged any newly discovered evidence to support these contentions. Furthermore, the Petitioner has not alleged any newly discovered evidence to support his contention that the trial court's failure to review the confession out of the jury's presence at the trial warrants relief. As a result, the Petitioner has not established he is entitled to due process tolling of the statute of limitations.

Furthermore, this court stated in the appeal of the Petitioner's habeas corpus proceeding that the law of the case doctrine prevented relief because issues raised in his petition for a writ of habeas corpus, specifically the voluntariness of his confession and whether the police complied with *Miranda*, had been previously litigated. *See Clarence David Schreane*, 2013 WL 6229527, at *4. The same principles prevent any relief in this error coram nobis proceeding. *See State v. Jefferson*, 31 S.W.3d 558, 561 (Tenn. 2000); *Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998). We conclude that the coram nobis court properly dismissed the petition for relief.

Based upon the foregoing and the record as a whole, the judgment of the coram nobis court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE