**James Edward JONES, alias Leonard Jones, Plaintiff-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Sept. 25, 1974.

Certiorari Denied by Supreme Court Feb. 3, 1975.

James C. McBroom, Nashville, for plaintiff-in-error.

David M. Pack, Atty. Gen., Wm. J. Haynes, Jr., Asst. Atty. Gen., Nashville, Carl Douglas Thoreson and Robert A. Strong, Asst. Dist. Attys. Gen., Nashville, for defendant-in-error.

## OPINION

O'BRIEN, Judge.

Appeal from a jury conviction for felonious use of an automobile. Defendant was sentenced to serve not less than one year nor more than five years in the State Penitentiary.

Defendant's first and third assignments of error complain that the verdict is contrary to the law and the weight of the evidence, and that the trial court erred in denying defendant's motion for acquittal made at the conclusion of the evidence.

Defendant's brief does not comply with the Rules of this Court in that it includes no citation of authority relied upon to sustain the assignments made here. See Rule 15, also Rockett v. State, Tenn.Cr.App., 475 S.W.2d 561. However, we have reviewed this record, and we find the assignments to be otherwise without merit.

The State's case shows that sometime in the early morning hours of April 22nd, 1973, the automobile of the prosecuting witness was stolen from the place where it was parked adjacent to his residence. Defendant was purportedly seen in possession of the vehicle on one or two occasions after its' theft. The car was subsequently recovered in a wrecked condition some two or three weeks later in Columbia, Tennessee.

Defendant does not deny having the vehicle. He did not testify. His defense, interposed through a witness, was that in the early morning hours of April 22nd, 1973, he and the witness went to the prosecutor's apartment. They were playing some records. Defendant volunteered to go get something to drink, and stated he was going by his house to pick something

up. The owner gave him permission to use the car for that purpose. The witness next heard from defendant on the following Tuesday when he telephoned from Columbia, Tennessee. Sometime later on that day he returned and said he had wrecked the car. He gave no explanation why he had gone to Columbia.

There are numerous discrepancies in the testimony of the State's witnesses, and a direct contradiction between the State's proof and that of the defendant. The defendant has failed to carry the burden imposed upon him here to establish that the evidence at his trial preponderated against his guilt and in favor of his innocence. The jury verdict approved by the trial court accredits the testimony of the witnesses for the State in favor of the theory of the State and the jury has resolved the discrepancies in the testimony of the witnesses by their verdict. McBee v. State, 213 Tenn. 15, 372 S.W.2d 173. Since the evidence does not preponderate against the verdict of guilt the trial judge should not have directed a verdict of acquittal. Taylor v. State, 2 Tenn.Cr.App. 459, 455 S.W.2d 168.

Taken in its best light, there is no doubt that the defendant's own proof makes out the offense for which he was convicted. If all of his evidence is accepted as true and his original possession of the automobile was permissive, the jury was justified in finding that after he had exceeded the limited purpose for which he was granted permission to use the automobile he then converted it to his own use and established the intent to use the vehicle without the owner's consent, even though temporarily. These facts, coupled with the abandonment of the vehicle in Columbia, Tennessee, a town some forty or fifty miles distant from Nashville, warrants the jury verdict.

By the second assignment it is said that the jury failed to follow the Court's instructions when they could not reach a verdict on the first and second counts of the indictment and considered the third

count, which was contrary to the charge of the Court.

 Defendant was indicted for three offenses, grand larceny of an automobile, concealing stolen property, and felonious use of an automobile. The trial judge properly instructed the jury on all three of these offenses. After the jury retired and had deliberated for some period of time, they were called into the courtroom. They reported they had reached a verdict on the third count, and were hopelessly hung on the question of a verdict in counts one and two. They were discharged for the day and resumed their deliberations on the following morning. Subsequently they reported they had not agreed upon a verdict in counts one and two, at which time the State abandoned the first two counts of the indictment. It is obvious that there was reasonable doubt in the minds of some of the jurors in regard to the guilt of defendant regarding the first two counts of the indictment. The State's abandonment of these charges constituted an acquittal of those charges and we do not find prejudice to the defendant.

The fourth assignment refers to newly discovered evidence which defendant avers would have effected the verdict of the jury and which could not have been discovered prior to trial.

Defendant produced affidavits of two witnesses at the motion for new trial. These affidavits were to the effect that the ignition keys were in the automobile when it was found abandoned, and would have the effect of impeaching the testimony of the prosecutor and his corroborating witness on various aspects on their testimony.

To grant or refuse a new trial upon the basis of newly discovered evidence is a matter which rests within the sound discretion of the trial court. Moreover, the newly discovered evidence is merely contradictory and impeaching evidence which does not necessarily justify the granting of a new trial. It does not appear that reasonable diligence was exercised in obtaining the evidence. See Hawkins v. State, 220 Tenn. 383, 417 S. W.2d 774. The defense was that defendant had permission to use the vehicle. The crux of the offense is that the car was taken to Columbia, Tennessee, and abandoned where it was subsequently recovered. We do not find any abuse of the trial judge's discretion in denying the new trial upon the basis of newly discovered evidence.

Judgment of the trial court is affirmed.

GALBREATH and MITCHELL, JJ., concur.