IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs at Knoxville June 25, 2019

**SAMUEL WINKFIELD v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-18-1999    Donald H. Allen, Judge**

———————————————

**No. W2018-01873-CCA-R3-ECN**

———————————————

The Petitioner, Samuel Winkfield, appeals the Madison County Circuit Court's summary dismissal of his petition for a writ of error coram nobis from his second degree murder and tampering with evidence convictions, for which he received an effective sentence of twenty-five years.  We affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J. ROSS DYER, JJ., joined.

Samuel Winkfield, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Jody Pickens, District Attorney General; and Alfred Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the 2007 shooting death of the Petitioner's roommate, James Charles Haney.  The Petitioner was indicted for first degree premeditated murder, first degree felony murder, especially aggravated kidnapping, tampering with evidence, and conspiracy to tamper with evidence.  The jury acquitted the Petitioner of first degree felony murder and conspiracy to tamper with evidence but was unable to reach verdicts on the remaining charges.  The trial court granted a mistrial, and at the second trial, the Petitioner was convicted of second degree murder and tampering with evidence.  The jury was unable to reach a verdict on especially aggravated kidnapping, and the charge was ultimately dismissed.  *See State v. Samuel Armod Winkfield*, No. W2008-01347-CCA-R3-CD, 2010 WL 796917 (Tenn. Crim. App. Mar. 9, 2010), *perm. app. denied* (Tenn. Aug. 25, 2010).  The Petitioner unsuccessfully sought post-conviction relief on the basis

that he received the ineffective assistance of counsel because counsel failed to investigate adequately, to produce defense witnesses, to obtain expert testimony, to cross-examine witnesses adequately, and to explore alternative defense theories. *See Samuel Winkfield v. State*, No. W2012-02413-CCA-R3-PC, 2013 WL 6001929 (Tenn. Crim. App. Nov. 8, 2013), *perm. app. denied* (Tenn. Apr. 11, 2014). The Petitioner also unsuccessfully sought federal habeas corpus relief. *See Samuel Winkfield v. Cherry Lindamood, Warden*, No. 17-6194, 2017 WL 6887029 (6th Circ. 2017).

On August 17, 2018, the Petitioner filed the instant petition for a writ of error coram nobis. In the petition, he stated that he was entitled to relief because the State violated the rules of discovery and *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose plea agreements with trial witnesses, police statements and grand jury testimony of trial witnesses, "evidence detailed in its investigation," police "lead/tip sheets," officer notes, an October 19, 2006 9-1-1 recording, crime scene photographs, and records related to the victim's injuries. The Petitioner argued that if he had received a complete discovery package, he would have been able to undermine the State's theory that the Petitioner "committed any crime" and to impeach the State's witnesses. The Petitioner also argued that (1) the trial court provided the jury with incorrect instructions relative to the elements of each offense, (2) the evidence was insufficient to support his convictions, (3) the trial court and the prosecutor failed to inquire about a potential conflict of interests related to trial counsel's simultaneous representation of a State's witness, (4) the "predicate convictions used to convict and sentence the Petitioner . . . and establish him as a violent [offender] at 100% [service] is void because the plea upon which it rested was obtained in violation of prior case law," (5) his sentence is excessive, and (6) he received the ineffective assistance of counsel.

The State contended that the petition was untimely and requested that it be dismissed. Alternatively, the State denied suppressing evidence and violating the rules of discovery. The State asserted that it had an open-file discovery policy and that the Petitioner was provided "full access to all [S]tate files." The State argued that anything not contained in the discovery materials were matters of public record and were accessible by the Petitioner. The State argued that the Petitioner's remaining issues were not cognizable for coram nobis relief.

The coram nobis court summarily denied relief and dismissed the petition. The court ruled that the petition was untimely after determining that the Petitioner was convicted in January 2008 and that this court denied relief in March 2010. The court found that the petition included two attachments, reflecting the prison in which the Petitioner was confined had been on lock-down status in April 2018 and July 2018, and determined that this did not entitle the Petitioner to equitable tolling of the statute of limitations because the lock-down periods were approximately ten years after the judgments became final.

The coram nobis court likewise determined that judgments of conviction showing the State's witnesses had criminal histories were public records and were accessible by the Petitioner and his trial counsel. The court noted that the July 23, 2007 judgment of conviction for State's witness William L. Hammond did not constitute new evidence because it existed at the time of the January 2008 trial. Relative to State's witness Larry Futtrell, the court found that, according to the Petitioner's motion to reveal the plea agreement, the defense knew the substance of Mr. Luttrell's proposed trial testimony. The court noted that Mr. Luttrell and the Petitioner were confined in the same jail and found that judgments reflecting prior convictions would have been public records. The court, likewise, found that the Petitioner failed to provide reasons why discovery was not addressed in the post-conviction proceedings.

The coram nobis court determined that *Brady* violations could not be raised in a coram nobis petition and that no basis existed to toll the statute of limitations for any cognizable claim. The court found that the petition did not include documents or evidence showing that new evidence existed. That court found that the Petitioner only attached Mr. Hammond's 2007 judgment of conviction, the Petitioner's judgments of conviction, a discovery motion filed by trial counsel, a letter to the prosecutor, and a document showing prison lock-down periods. The court determined that none of the Petitioner's attachments constituted new evidence warranting relief.

The coram nobis court determined that the allegations related to jury instructions should have been raised in the appeal from the conviction or the post-conviction proceedings and that the ineffective assistance claims should have been raised in the post-conviction proceedings. This appeal followed.

The Petitioner contends that the coram nobis court erred by denying relief. He argues that he is entitled to equitable tolling of the statute of limitations. He also asserts that the trial court erred during jury instructions, that the trial court judge and the prosecutor failed to inquire about trial counsel's potential conflict of interests, that the trial court erred in using "predicate convictions" to sentence him to twenty-five years, that his sentence is excessive, that the court made improper findings of fact regarding the State's discovery policy, and that he received the ineffective assistance of counsel. The State responds that the court did not err by denying relief because the petition was filed after the statute of limitations expired and equitable tolling is not warranted.

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were not litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105(b) (2012); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995); *see Cole v. State*, 589 S.W.2d 941 (Tenn. Crim. App. 1979). The purpose of a coram nobis proceeding "is to bring to the attention of the court some fact unknown to the court, which if known would have resulted in a different judgment." *State ex rel.*

*Carlson v. State*, 407 S.W.2d 165, 167 (Tenn. 1966). The decision to grant or deny such a writ rests within the sound discretion of the court. *Jones v. State*, 519 S.W.2d 398, 400 (Tenn. Crim. App. 1974); *see Teague v. State*, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988). A petition for a writ of coram nobis must be filed within one year of the judgment becoming final in the trial court. *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999). A judgment becomes final "thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion." *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010). "[T]he statute of limitations . . . is not an affirmative defense that must be specifically raised by the State in error coram nobis cases; instead, the . . . petition must show on its face that it is timely filed." *Nunley v. State*, 552 S.W.3d 800, 829 (Tenn. 2018). A limited exception to the statute of limitations exists when due process requires tolling. *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001).

"When a petitioner seeks a writ of error coram nobis based on newly discovered evidence of actual innocence, due process considerations may require tolling of the statute of limitations." *Harris*, 301 S.W.3d at 145 (citing *Workman*, 41 S.W.3d at 101). "[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992); *see Workman*, 41 S.W.3d at 102. However, a petitioner "must exercise due diligence in presenting the claim." *Harris*, 301 S.W.3d at 144. Whether due process principles require tolling the statute of limitations is a mixed question of law and fact and is reviewed de novo with no presumption of correctness. *See Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006).

The record reflects that on August 25, 2010, the supreme court denied the Petitioner's application for permission to appeal this court's denial of relief in the conviction proceedings. *See State v. Samuel Armod Winkfield*, No. W2008-01347-SC-R11-CD (Tenn. Aug. 25, 2010) (order). The petition for a writ of error coram nobis was filed on August 17, 2018, which was long after the statute of limitations expired.

Our supreme court has determined that "compliance with the timely filing requirement . . . is an essential element of a coram nobis claim." *Nunley*, 552 S.W.3d at 828. However, a petitioner can request equitable tolling of the limitations period.

> To be entitled to equitable tolling, a prisoner must demonstrate with particularity in the petition: (1) that the ground or grounds upon which the prisoner is seeking relief are "later arising" grounds, that is grounds that arose after the point in time when the applicable statute of limitations normally would have started to run; [and] (2) that, based on the facts of the case, the strict application of the statute of limitations would effectively

deny the prisoner a reasonable opportunity to present his or her claims . . . .
A prisoner is not entitled to equitable tolling to pursue a patently non-meritorious ground for relief.

*Id*. at 829 (internal citation omitted). Likewise, "the coram nobis petition must be filed within a time period that 'does not exceed the reasonable opportunity afforded by due process.'" *Id*. at 830 (quoting *Sample v. State*, 82 S.W.3d 267, 275 (Tenn. 2002)); *see Workman*, 41 S.W.3d at 103.

The Petitioner argues on appeal that he attempted to comply with the procedural requirements in seeking coram nobis relief and that his deficiencies in his attempts were attributable to the ineffective assistance of trial counsel. However, this does not warrant tolling the statute of limitations. The Petitioner's ineffective assistance allegations are appropriate for post-conviction relief, not coram nobis relief. Likewise, the Petitioner's allegations related to the discovery process are not later arising because the relevant information was available from the State or were matters of public record. Even if the Petitioner's allegation that he received ineffective assistance during the discovery process were true, the Petitioner would not be entitled to tolling of the statute of limitations because the information identified by the Petitioner is not later arising. Likewise, allegations involving *Brady* violations are appropriate for post-conviction petitions, not coram nobis relief. *See Nunley*, 552 S.W.3d at 800. The Petitioner's remaining allegations related to sufficiency of the convicting evidence, jury instructions, sentencing, and a potential conflict of interests were matters to be addressed in the appeal from the conviction and the post-conviction proceedings, and the allegations do not involve information that is later arising. We note that the Petitioner challenged the sufficiency of the evidence and his sentence in the appeal from the conviction proceedings. *See Samuel Armod Winkfield*, 2010 WL 796917, at *1. Therefore, the coram nobis court did not err by summarily denying relief and dismissing the petition.

Based upon the forgoing and the record as a whole, the judgment of the coram nobis court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE