IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 29, 2020 Session

## STATE OF TENNESSEE v. NICHOLAS TODD SUTTON

**Appeal from the Criminal Court for Morgan County**
**No. 2017-CR-52     Jeffery Hill Wicks, Judge**

———————————————————

### No. E2019-01062-CCA-R3-ECN

———————————————————

The Petitioner, Nicholas Todd Sutton, appeals as of right from the Morgan County Criminal Court's summary dismissal of his petition for a writ of error coram nobis. On appeal, the Petitioner contends that (1) the evidence of several jurors' viewing the Petitioner in shackles and handcuffs during his capital trial and sentencing hearing is newly discovered, (2) the Petitioner is without fault for failing to present this evidence previously, (3) equitable tolling of the statute of limitations applies, (4) constitutional considerations require the coram nobis court to address this case on the merits, and (5) the coram nobis court abused its discretion by summarily dismissing the petition. Following our review, we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Justyna Garbaczewska Scalpone, Post-Conviction Defender; Deborah Y. Drew, Deputy Post-Conviction Defender; Andrew L. Harris, Assistant Post-Conviction Defender; and Lucie T. Butner, Assistant Post-Conviction Defender, for the appellant, Nicholas Todd Sutton.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Charme P. Allen, District Attorney General; and Kevin J. Allen, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## Factual and Procedural Background

In March 1986, the Petitioner, Nicholas Todd Sutton, was convicted of the January 15, 1985 first degree murder of Carl Estep, which occurred while both were inmates at the Morgan County Regional Correctional Facility. At sentencing, the jury imposed the death penalty based upon the weight of three aggravating circumstances: (1) that the Petitioner was previously convicted of one or more felonies which involved the use or threat of violence to the person, T.C.A. § 39-2-203(i)(2) (repealed); (2) that the murder was especially heinous, atrocious and cruel in that it involved torture or depravity of mind, *id*. § 39-2-203(i)(5) (repealed); and (3) that the murder was committed by the Petitioner while he was in lawful custody or in a place of lawful confinement, *id*. § 39-2-203(i)(8) (repealed). The Petitioner's conviction and death sentence were affirmed on appeal. *State v. Sutton*, 761 S.W.2d 763 (Tenn. 1988), *cert. denied*, 497 U.S. 1031 (1990). The Petitioner unsuccessfully pursued post-conviction relief, the denial of which was affirmed by this court. *Nicholas Todd Sutton v. State*, No. 03C01-9702-CR-00067, 1999 WL 423005 (Tenn. Crim. App. June 25, 1999), *perm. app. denied* (Tenn. Dec. 20, 1999), *cert. denied*, 530 U.S. 1216 (2000). The Petitioner then unsuccessfully pursued federal habeas corpus relief, the denial of which was affirmed by the Sixth Circuit Court of Appeals. *Sutton v. Bell*, 645 F.3d 752 (6th Cir. 2011), *cert. denied*, 566 U.S. 933 (2012). On June 8, 2016, the Petitioner filed a motion to reopen the post-conviction petition. *See* T.C.A. § 40-30-117 (2018). Following a preliminary order permitting reopening and amendment to the petition, the post-conviction court summarily denied post-conviction relief. On appeal, this court affirmed the post-conviction court's summary denial of post-conviction relief. *Nicholas Todd Sutton v. State*, No. E2018-00877-CCA-R3-PD, 2020 WL 525169 (Tenn. Crim. App. Jan. 31, 2020) *perm. app. filed* (Tenn. Feb.7, 2020).

On February 2, 2017, the Petitioner filed a petition for a writ of error coram nobis alleging newly discovered evidence in that he was "visibly shackled and handcuffed during his capital trial and sentencing" requiring that his conviction and death sentence be vacated and the case remanded for a new trial. *See* T.C.A. § 40-26-105 (2012). The Petitioner specifically alleged that his "rights to due process, an impartial jury and freedom from cruel and unusual punishment were violated when he was forced to appear before the jury wearing visible shackles and handcuffs." In support of his claim, the Petitioner offered the affidavits of four jurors who stated that they had observed the Petitioner wearing shackles and handcuffs during the trial. The Petitioner asserted that he was without fault in failing to bring the claim previously and attributed the delay to the ineffective assistance of trial and post-conviction counsel and to a lack of resources provided in the trial and post-conviction proceedings. The Petitioner provided the

- 2 -

affidavit of post-conviction counsel to support his claim that lack of resources and counsel's deficient performance caused the delay in bringing the claim.

On July 20, 2017, the State responded to the petition. The State asserted that issues regarding the increased courtroom security at the Petitioner's trial had been previously determined in appeals from the conviction proceedings, the post-conviction proceedings, and federal habeas corpus proceedings. The State argued that any additional allegations concerning security measures employed by the trial court were waived and barred by the one-year statute of limitations. On February 27, 2019, the coram nobis court appointed a district attorney general pro tempore. On April 8, 2019, the State filed a response to the petition, asserting the same arguments in support of summarily dismissing the petition.

On May 17, 2019, the coram nobis court entered an order summarily dismissing the coram nobis petition. The court noted that the Petitioner had previously raised issues regarding excessive courtroom security on appeal of the conviction and in the post-conviction proceedings. The court ruled that "on its face, the petition was not timely filed within the one-year statute of limitations set forth in Tenn. Code Ann. § 27-7-103." The court further analyzed whether "there were specific facts in the petition showing why Petitioner would be entitled to equitable tolling of the statute of limitations." The court observed that the issue of wearing shackles was not newly discovered, as evidenced by the Petitioner's asserting issues regarding courtroom security through every stage of litigation. The court further determined that the Petitioner "did not provide a plausible explanation" for the delay in obtaining the affidavits of the jurors until October 2016, thirty years after the trial. In addressing the Petitioner's allegation that the ineffective assistance of counsel and the lack of resources caused the delay in presenting the claim, the court noted the almost six-year delay between the December 14, 1990 filing of the post-conviction petition and the post-conviction court's October 23, 1996 order denying relief. The court found that "there was ample time for post-conviction counsel to contact the trial jurors regarding whether or not they had observed Petitioner in either shackles or handcuffs during the trial and sentencing." The court further found that "since Petitioner is claiming that his constitutional rights were violated . . . this issue [sh]ould have been addressed in a petition for post-conviction relief, and not through his petition for writ of error coram nobis." The Petitioner timely appealed.

On appeal, the Petitioner contends that the coram nobis court abused its discretion by summarily dismissing the petition. He argues that the evidence of jurors' viewing him wearing shackles and handcuffs during the trial and sentencing is newly discovered evidence because the Petitioner only interviewed and obtained the juror affidavits in October 2016. He also argues that he was without fault in failing to bring this claim previously, that any delay in presenting the claim is attributed to the ineffective assistance

of counsel and the lack of resources provided at both the trial and post-conviction stages, and, therefore, that equitable tolling should apply. The Petitioner argues that constitutional considerations require a hearing on the merits concerning his claim. The State responds that the coram nobis court did not abuse its discretion by summarily dismissing the petition because it was filed outside the statute of limitations and the Petitioner was not entitled to equitable tolling. The State further asserts that, even if the petition had been timely filed, the claim would not warrant coram nobis relief.

## Analysis

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105(b); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995); *see Cole v. State*, 589 S.W.2d 941 (Tenn. Crim. App. 1979). The purpose of a coram nobis proceeding "is to bring to the attention of the court some fact unknown to the court, which if known would have resulted in a different judgment." *State ex rel. Carlson v. State*, 407 S.W.2d 165, 167 (Tenn. 1966). The decision to grant or deny such a writ rests within the sound discretion of the court. *Jones v. State*, 519 S.W.2d 398, 400 (Tenn. Crim. App. 1974); *see Teague v. State*, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988). A petition for a writ of error coram nobis must be filed within one year of the judgment becoming final in the trial court. *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999). A judgment becomes final "thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion." *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010). "[T]he statute of limitations . . . is not an affirmative defense that must be specifically raised by the State in error coram nobis cases; instead, the . . . petition must show on its face that it is timely filed." *Nunley v. State*, 552 S.W.3d 800, 829 (Tenn. 2018). A limited exception to the statute of limitations exists when due process requires tolling. *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001).

"When a petitioner seeks a writ of error coram nobis based on newly discovered evidence of actual innocence, due process considerations may require tolling of the statute of limitations." *Harris*, 301 S.W.3d at 145 (citing *Workman*, 41 S.W.3d at 101). "[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992); *see Workman*, 41 S.W.3d at 102. However, a petitioner "must exercise due diligence in presenting the claim." *Harris*, 301 S.W.3d at 144. Whether due process principles require tolling the statute of limitations is a mixed question of law and fact and is

- 4 -

reviewed de novo with no presumption of correctness. *See Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006).

Our supreme court has determined that "compliance with the timely filing requirement . . . is an essential element of a coram nobis claim." *Nunley*, 552 S.W.3d at 828. However, a petitioner can request equitable tolling of the limitations period.

> To be entitled to equitable tolling, a prisoner must demonstrate with particularity in the petition: (1) that the ground or grounds upon which the prisoner is seeking relief are "later arising" grounds, that is grounds that arose after the point in time when the applicable statute of limitations normally would have started to run; [and] (2) that, based on the facts of the case, the strict application of the statute of limitations would effectively deny the prisoner a reasonable opportunity to present his or her claims . . . . A prisoner is not entitled to equitable tolling to pursue a patently non-meritorious ground for relief.

*Id.* at 829 (internal citation omitted). Likewise, "the coram nobis petition must be filed within a time period that 'does not exceed the reasonable opportunity afforded by due process.'" *Id.* at 830 (quoting *Sample v. State*, 82 S.W.3d 267, 275 (Tenn. 2002)); *see Workman*, 41 S.W.3d at 103.

The Petitioner was convicted and sentenced to death on March 4, 1986, and his judgment became final thereafter upon the trial court's denial of his motion for new trial. *Harris*, 301 S.W.3d at 144 (citing *Mixon*, 983 S.W.2d at 670). The petition for a writ of error coram nobis was filed on February 2, 2017, decades beyond the expiration of the one-year statute of limitations. The Petitioner argues that he is without fault for the delay in bringing this claim and asserts that the approximately thirty-one-year delay in raising the claim is attributable to the ineffective assistance of trial and post-conviction counsel and to the lack of resources provided him during the trial and post-conviction proceedings.

In order to be entitled to equitable tolling of the limitations period, the Petitioner was required to show that the claim was later arising, that strict application of the statute of limitations would deprive the Petitioner of a reasonable opportunity to present his claim, and that he filed his claim within a reasonable time of obtaining the new evidence. *See Nunley*, 552 S.W.3d at 829-30.

First, this court observes that issues regarding courtroom security were addressed in the appeal from the trial court and the post-conviction proceedings. On appeal from the conviction, the Petitioner alleged that prosecutorial misconduct occurred when the

prosecutor placed knives on defense counsel's table, within reach of the Petitioner and his two codefendants, causing "a number of correctional officers in the courtroom" to reach for their weapons. *Sutton*, 761 S.W.3d at 769. In determining that the Petitioner was not denied a fair trial by the actions of the prosecutor, our supreme court noted that "[t]he jury knew that the defendants were inmates and it probably came as no surprise that they would be closely watched and guarded." *Id*. In the appeal from the post-conviction proceedings, the Petitioner alleged that the trial court's implementing increased courtroom security denied him a fair trial and that counsel were ineffective in failing to object to the "excessive security" at his capital trial and sentencing. *Nicholas Todd Sutton*, 1999 WL 423005, at *8. This court held that the Petitioner's allegations concerning courtroom security had been previously determined or had been waived and that the Petitioner had "failed to meet his burden to show ineffective assistance of counsel" regarding trial and appellate counsel's representation related to the courtroom security issue. *Id*. at *10.

Additionally, the Petitioner's argument that his delay in raising the claim should be attributed to the ineffective assistance of counsel is without merit. "'[T]here is no constitutional right to effective assistance of counsel in post-conviction proceedings.'" *Stokes v. State,* 146 S.W.3d 56, 60 (Tenn. 2004) (quoting *House v. State,* 911 S.W.2d 705, 712 (Tenn.1995)). Even if a constitutional right did exist, ineffective assistance of counsel is not an appropriate ground for coram nobis relief. *See Mindy Dodd v. State,* No. M2013-02385-CCA-R3-ECN, 2014 WL 1605168, at *3 (Tenn. Crim. App. Apr. 22, 2014) (holding that the petitioner's claims of ineffective assistance of trial counsel is not an appropriate ground for coram nobis relief), *perm. app. denied* (Tenn. Aug. 29, 2014). Most significantly, however, "[a] claim of ineffective assistance of counsel does not justify tolling the statute of limitations for coram nobis relief." *James Dellinger v. State*, No. E2013-02094-CCA-R3-ECN, 2015 WL 4931576, at *12 (Tenn. Crim. App. Aug. 18, 2015).

Moreover, the Petitioner's claim that jurors' viewing him in shackles and handcuffs, framed either as a free-standing claim or as a constitutional claim, is not cognizable in a coram nobis proceeding because the evidence "does not qualify as substantive admissible evidence that 'may have resulted in a different judgment, had it been presented at the trial.'" *Nunley*, 552 S.W.3d at 831 (quoting T.C.A. § 40-26-105(b)). The Petitioner "is not entitled to equitable tolling to pursue a patently non-meritorious ground for relief." *Harris*, 301 S.W.3d at 153.

The Petitioner's claim for relief is not later-arising, the Petitioner is not entitled to equitable tolling, and the Petitioner's claim is not cognizable in a coram nobis proceeding. The coram nobis statute is not a proper vehicle for bringing this claim. The Petitioner's argument that "[t]his court should hear constitutional claims related to newly

discovered evidence when no other avenue exists for their presentation" fails because this court does not have the authority to expand the coram nobis statute beyond its application to newly discovered evidence "relating to matters that were litigated at trial." T.C.A. § 40-26-105(b). Evidence of jurors' viewing the Petitioner in shackles and handcuffs does not relate to any evidentiary matter litigated at the Petitioner's capital trial or sentencing, and constitutional considerations do not require this court to expand the coram nobis statute beyond its intended application to require review of the claim on its merits. *See Dellinger*, 2015 WL 4931576, at *16-17. Therefore, the coram nobis court did not err by summarily dismissing the petition.

Based upon the forgoing and the record as a whole, the judgment of the coram nobis court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE