IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 24, 2021

**FREDRICK L. TUCKER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2003-A-492    Don R. Ash, Senior Judge**

_____

**No. M2020-00810-CCA-R3-ECN**
_____

The Petitioner, Fredrick L. Tucker, appeals the Davidson County Criminal Court's summary dismissal of his petition for a writ of error coram nobis from his rape of a child conviction, for which he received a twenty-one-year sentence. We affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA McGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Fredrick L. Tucker, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The present case is the Petitioner's second petition for a writ of error coram nobis. The lengthy procedural history reflects that a two-count indictment charged the Petitioner with rape of a child occurring in 2002. The judgment forms reflect that on October 6, 2004, the Defendant was convicted in Count 2 of rape of a child after a jury trial and that on September 28, 2007, the Defendant entered a best interest guilty plea in Count 1 to attempted aggravated sexual battery. The trial court imposed an effective twenty-four-year sentence. The aggravated sexual battery guilty-pleaded conviction is not the subject of this appeal. The Petitioner appealed his rape of a child conviction, and this court denied relief. *See State v. Fredrick Leon Tucker*, No. M2005-00839-CCA-R3-CD, 2006 WL 547991 (Tenn. Crim. App. Mar. 7, 2006). The Petitioner unsuccessfully sought post-conviction relief on the basis that he received the ineffective assistance of counsel. *See Fredrick*

*Tucker v. State*, No. M2007-00681-CCA-R3-PC, 2008 WL 2743644 (Tenn. Crim. App. July 14, 2008). The Petitioner, likewise, unsuccessfully sought federal habeas corpus relief twice. *See Frederick Leon Tucker v. Michael Donahue, Warden*, No. 03:13-cv-0681, 2013 WL 4401857 (M.D. Tenn. Aug. 14, 2013) (mem.); *Fredrick Leon Tucker v. Joseph Easterling, Warden*, No. 3:09-0623, 2010 WL 500425 (M.D. Tenn. Feb. 5, 2010) (mem.). Furthermore, the Petitioner sought error coram nobis relief but was denied relief after the coram nobis court determined that the petition was untimely and that due process did not warrant tolling the statute of limitations. *See State v. Frederick Leon Tucker*, No. M2013-01077-CCA-R3-CO, 2014 WL 2001439 (Tenn. Crim. App. May 14, 2014).

On April 11, 2018, the Petitioner filed the present petition for a writ of error coram nobis, alleging that he was not provided a recording of the forensic interview, that he was merely provided a partial transcript of the recording, that the recording was exculpatory and withheld intentionally in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and that, as a result, his due process rights had been violated. The Petitioner, likewise, filed a motion to recuse the coram nobis judge. The coram nobis court denied relief without first considering the motion to recuse. On appeal, this court determined that the coram nobis court failed to consider the Petitioner's recusal motion before considering the petition for relief as required by the Rules of Judicial Conduct and vacated the order denying relief. The case was remanded to the coram nobis court with instructions for the judge to recuse himself and for the appointment of a successor judge to consider the merits of the petition for relief. *See Frederick Leon Tucker v. State*, No. M2018-01196-CCA-R3-ECN, 2019 WL 3782166 (Tenn. Crim. App. Aug. 12, 2019). The proceedings which occurred on remand are the subject of the present appeal.

On April 3, 2020, the coram nobis court again entered an order summarily dismissing the petition for relief. The coram nobis court reviewed the lengthy procedural history, noting that in the petition for post-conviction relief the Petitioner alleged the ineffective assistance of trial counsel on the basis that counsel failed to question the victim about the victim's statement to forensic interviewer Pamela Scretchen. The court found that counsel testified at the post-conviction hearing that counsel had reviewed Ms. Scretchen's interview of the victim, considered it "carefully," and thought the State would have used additional material from the recording if counsel were not "careful" at the trial. The court found that counsel decided not to present Ms. Scretchen as a defense witness because cross-examination of the victim went well. The coram nobis court likewise noted that at the post-conviction hearing, the Petitioner did not question counsel about counsel's alleged failure to cross-examine the victim about any discrepancies between her forensic interview and trial testimony.

Furthermore, the coram nobis court noted that in the Petitioner's previous petition for a writ of error coram nobis, the Petitioner requested the court to reopen the post-conviction petition to "revisit the issue of Scretchen testimony and the statement the victim made to her," referring to "specific questions and responses in this interview." The court

found that at the evidentiary hearing, the Petitioner conceded that he knew about and had access to the recording before the trial and that he and trial counsel discussed presenting Ms. Scretchen as a defense witness.

After this review, the coram nobis court summarily dismissed the petition. The court determined that the issues raised in the present petition had been raised and litigated previously. The court found that the issues regarding the forensic interview were addressed in the appeal from the conviction proceedings and in the post-conviction proceedings. The court found that the Petitioner had failed to present newly discovered evidence warranting relief. The court found that the Petitioner knew the recording existed, reviewed transcripts of the recording, and discussed the recording with trial counsel. The court determined that even if the recording were newly discovered, the evidence would not have resulted in a different outcome at the trial.

The coram nobis court, likewise, determined that the petition for relief was untimely, approximately fifteen years too late, and that the Petitioner had not presented any due process basis for tolling the one-year statute of limitations. The court determined that a coram nobis proceeding was not an appropriate vehicle for seeking relief based upon a *Brady* violation and that the remedy for a *Brady* violation was through post-conviction relief. This appeal followed.

The Petitioner contends that the coram nobis court erred by summarily dismissing his petition for relief because his due process rights were violated by the State's *Brady* violation. He concedes that the petition was untimely but asserts he is entitled to equitable tolling of the statute of limitations. The State responds that the court did not err by denying relief because the petition was filed after the statute of limitations expired and that equitable tolling is not warranted because the Petitioner has failed to raise a cognizable claim for relief.

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105(b) (2012); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995); *see Cole v. State*, 589 S.W.2d 941 (Tenn. Crim. App. 1979). The purpose of a coram nobis proceeding "is to bring to the attention of the court some fact unknown to the court, which if known would have resulted in a different judgment." *State ex rel. Carlson v. State*, 407 S.W.2d 165, 167 (Tenn. 1966). The decision to grant or deny such a writ rests within the sound discretion of the court. *Jones v. State*, 519 S.W.2d 398, 400 (Tenn. Crim. App. 1974); *see Teague v. State*, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988). A petition for a writ of coram nobis must be filed within one year of the judgment becoming final in the trial court. *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999). A judgment becomes final "thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion." *Harris v. State*, 301 S.W.3d

141, 144 (Tenn. 2010). "[T]he statute of limitations . . . is not an affirmative defense that must be specifically raised by the State in error coram nobis cases; instead, the . . . petition must show on its face that it is timely filed." *Nunley v. State*, 552 S.W.3d 800, 829 (Tenn. 2018). A limited exception to the statute of limitations exists when due process requires tolling. *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001).

"When a petitioner seeks a writ of error coram nobis based on newly discovered evidence of actual innocence, due process considerations may require tolling of the statute of limitations." *Harris*, 301 S.W.3d at 145 (citing *Workman*, 41 S.W.3d at 101). "[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992); *see Workman*, 41 S.W.3d at 102. However, a petitioner "must exercise due diligence in presenting the claim." *Harris*, 301 S.W.3d at 144. Whether due process principles require tolling the statute of limitations is a mixed question of law and fact and is reviewed de novo with no presumption of correctness. *See Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006).

The record reflects that on March 7, 2006, this court denied the Petitioner relief on appeal from the conviction proceedings. *See State v. Fredrick Leon Tucker*, No. M2005-00839-CCA-R3-CD, 2006 WL 547991 (Tenn. Crim. App. Mar. 7, 2006). The Petitioner did not appeal to our supreme court. The present petition for a writ of error coram nobis was filed on April 11, 2018, which was long after the one-year statute of limitations expired.

Our supreme court has determined that "compliance with the timely filing requirement . . . is an essential element of a coram nobis claim." *Nunley*, 552 S.W.3d at 828. However, a petitioner can request equitable tolling of the limitations period.

> To be entitled to equitable tolling, a prisoner must demonstrate with particularity in the petition: (1) that the ground or grounds upon which the prisoner is seeking relief are "later arising" grounds, that is grounds that arose after the point in time when the applicable statute of limitations normally would have started to run; [and] (2) that, based on the facts of the case, the strict application of the statute of limitations would effectively deny the prisoner a reasonable opportunity to present his or her claims . . . . A prisoner is not entitled to equitable tolling to pursue a patently non-meritorious ground for relief.

*Id*. at 829 (internal citation omitted). Likewise, "the coram nobis petition must be filed within a time period that 'does not exceed the reasonable opportunity afforded by due process.'" *Id*. at 830 (quoting *Sample v. State*, 82 S.W.3d 267, 275 (Tenn. 2002)); *see Workman*, 41 S.W.3d at 103.

The Petitioner contends that the coram nobis court erred by summarily dismissing his petition for relief because his due process rights were violated by the State's *Brady* violation. He alleges that his newly discovered evidence is the entire recording of the victim's forensic interview, which he asserts contains inconsistencies with the victim's trial testimony, and that the State intentionally withheld the entire recording. However, the record reflects that the Petitioner knew the recording existed before the trial. At the post-conviction hearing, trial counsel testified that he reviewed the forensic interview and considered its contents "carefully." *See Fredrick Tucker*, 2008 WL 2743644, at *3. Counsel testified, too, that he believed the State would have "'smooth[ed] over' the 'on' and 'in' inconsistency" in the victim's interview and that portions in addition to those viewed by the jury could have been presented at the trial. *Id.* Counsel testified that he thought he asked the victim about her inconsistent statements during the forensic interview and that although he could not recall the victim's response, counsel did not believe the victim's testimony was "very different" from her forensic interview with Ms. Scretchen. *Id.* Likewise, counsel believed that the victim's cross-examination went well and that because it "was favorable enough," he did not need to present Ms. Scretchen as a defense witness. *Id.* As a result, the Petitioner failed to show that the recording is newly discovered and that the evidence would have resulted in a different outcome at the trial.

Likewise, the contents of the recording were the subject of the Petitioner's first petition for a writ of error coram nobis. There, the Petitioner asserted that evidence and testimony of the forensic interview were not presented at the trial or the post-conviction hearing, which he asserted violated his due process rights. *See Frederick Leon Tucker*, 2014 WL 2001439, at *2. However, at the evidentiary hearing, the Petitioner testified that he knew the recording existed and that he had access to the forensic interview. The Petitioner, likewise, admitted that he knew of the discrepancies between the victim's forensic interview and her trial testimony and that he raised this issue in his post-conviction petition. *Id.* On appeal, this court reviewed the contents of the forensic interviewer's report and noted that the prosecutor and trial counsel each questioned the victim "regarding the interview whether the Petitioner's private part touched her 'inside her butt' or 'on top.'" *Id.* at *3. As a result, the Petitioner has failed to show that strict application of the statute of limitations denied him a reasonable opportunity to present his claim. The Petitioner has failed to establish he is entitled to equitable tolling of the statute of limitations.

Furthermore, allegations involving *Brady* violations are appropriate for post-conviction petitions, not coram nobis relief. *See Nunley*, 552 S.W.3d at 800. Therefore, the coram nobis court did not err by summarily dismissing the petition.

Based upon the forgoing and the record as a whole, the judgment of the coram nobis court is affirmed.

---

ROBERT H. MONTGOMERY, JR., JUDGE