IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2021

**ASATA DIA LOWE-EL v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Morgan County**
**Nos. 2020-CR-120, 2020-CR-173    Jeffrey Hill Wicks, Judge**

_____

**No. E2020-01335-CCA-R3-HC**

_____

In this consolidated appeal, the Petitioner, Asata Dia Lowe-El, appeals from the Morgan County Circuit Court's summary dismissals of his petitions for a writ of habeas corpus and for a writ of error coram nobis. On appeal, the Petitioner contends that the court erred in dismissing the petitions, rather than granting relief. The appeal from the habeas corpus proceeding is dismissed, and we affirm the judgment of the coram nobis court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part; Appeal Dismissed in Part**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Asata Dia Lowe-El, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Russell Johnson, District Attorney General; and Robert C. Edwards, Senior Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner's challenges relate to convictions that are the subject of our opinion in _State v. Asata Lowe_, No. E2000-01591-CCA-R3-CD, 2002 WL 31051631 (Tenn. Crim. App. Sept. 16, 2002), _perm. app. denied_ (Tenn. Feb. 3, 2003). The Petitioner was convicted of two counts of first degree premeditated murder and especially aggravated robbery, and he received an effective sentence of life imprisonment without the possibility of parole, plus twenty-five years. _Id_. at *1. He sought post-conviction relief from the convictions, in relevant part, on the grounds that the he had discovered exculpatory evidence, that the State failed to disclose favorable evidence to the defense, and that he received the ineffective assistance of counsel. _Asata Lowe v. State_, No. E2006-02028-CCA-MR3-PC,

2008 WL 631169, at *1 (Tenn. Crim. App. Mar. 10, 2008), *perm. app. denied* (Tenn. Aug. 25, 2008). The post-conviction court denied relief, and this court affirmed. *Id*.

The Petitioner, likewise, sought habeas corpus relief, and he appealed the denial of relief. However, he failed to file an appellate brief, and this court dismissed the appeal for want of prosecution. S*ee Asata D. Lowe v. State*, No. M2008-01291-CCA-R3-HC (Tenn. Crim. App. Dec. 8, 2008) (order). He subsequently sought habeas corpus relief on the grounds that his sentence had expired, that the judgments were void because of the ineffective assistance of counsel, that various errors occurred at the trial, and that the statutes criminalizing murder and robbery, along with the Sentencing Reform Act of 1989, were unconstitutional. The habeas corpus court summarily dismissed the petition for failing to state a cognizable claim for relief, and this court affirmed. *Asata D. Lowe v. State*, No. M2009-00444-CCA-R3-HC, 2010 WL 143781, at *1 (Tenn. Crim. App. Jan. 13, 2010) (mem.).

The Petitioner again sought habeas corpus relief, alleging (1) that constitutional errors deprived the trial court of the authority to preside over a trial and to impose a sentence, (2) that his right to a fair trial was violated by the State's failure to disclose favorable evidence and by the court's failure to instruct the jury accordingly, (3) that trial evidence was obtained in violation of his right against unreasonable searches and seizures, (4) that he received the ineffective assistance of counsel, and (5) that multiplicitous indictments violated principles of double jeopardy and due process. After a hearing, the habeas corpus court denied relief, and this court affirmed. *Asata D. Lowe v James Fortner, Warden*, No. E2011-00048-CCA-R3-HC, 2012 WL 1080274, at *1 (Tenn. Crim. App. Mar. 30, 2012).

In his next petition for a writ of habeas corpus, the Petitioner alleged that he had been unlawfully detained, that the prosecution had "illegally issued a warrant against [him] without the aid of counsel to help prepare a defense," that the prosecution utilized false statements to obtain an indictment and his convictions, and that the indictment and his convictions were void for "interfering with [his] rights and privileges." *Asata Dia Lowe v. State*, No. E2017-01109-CCA-R3-HC, 2018 WL 706769, at *1 (Tenn. Crim. App. Feb. 5, 2018). The habeas corpus court summarily dismissed the petition after determining that it failed to state a cognizable claim for relief, and this court affirmed. *Id*. at *2.

In the present case, the Petitioner initially sought a writ of habeas corpus. On June 30, 2020, the Petitioner filed an "emergency" petition for a writ of habeas corpus, along with a "Rule 52 Motion to Make Findings of Fact and Conclusions of Law" and a "Rule 57 Motion," alleging that the judgments of conviction were void because the trial court lacked personal jurisdiction and because he was not provided "notice, hearing, or a determination of waiver of the defense of personal jurisdiction." The Petitioner stated that the present petition was the first time he had raised the issue of personal jurisdiction,

although he acknowledged filing previous habeas corpus petitions. He asserted that he had "been haled [sic] into this jurisdiction solely as a result of random fortuitous and/or attenuated contacts and the unilateral activity of another party or third person." He further asserted that prison personnel had unlawfully confined him, which exposed him to substantial risk of bodily harm and which he argued was kidnapping. He stated that prison officials had thrown away his legal documents. He stated the judgment forms erroneously reflected that his race was "Black" and that he had a Social Security number. The State responded that the Petitioner's motions and petition should be dismissed for failing to state a cognizable claim for relief. On August 20, 2020, the habeas corpus court summarily dismissed the Petitioner's motions and habeas corpus petition upon determining that the Petitioner had failed to state a cognizable claim for relief. The Petitioner "executed" a notice of appeal on September 23, 2020, and it was filed with the appellate courts on September 28, 2020.

On September 16, 2020, the Petitioner filed a petition for a writ of error coram nobis, in which he asserted that the habeas corpus court failed to consider the "errors in fact" contained in the habeas corpus petition and requested that the coram nobis court schedule a hearing on the allegations contained in the habeas corpus petition. The Petitioner requested the coram nobis court to consider the merits of the habeas corpus claims and to grant relief. On November 30, 2020, the State responded that the coram nobis petition should be dismissed because the Petitioner had failed to state a cognizable claim for relief. On December 4, 2020, the coram nobis court summarily dismissed the coram nobis petition. The court determined that the Petitioner's most recent petition was a collateral attack on the court's summary dismissal of the habeas corpus petition, which was not the proper procedural mechanism to obtain relief. The court determined, as well, that because the Petitioner had filed a notice of appeal in the habeas corpus matter, the court no longer had jurisdiction to reconsider the merits of the habeas corpus petition. The Petitioner "executed" a notice of appeal on December 23, 2020, and it was filed with the appellate courts on December 28, 2020. On January 19, 2021, the appeals of the habeas corpus and coram nobis proceedings were consolidated.

## I.     Petition for a Writ of Habeas Corpus

On appeal, the Petitioner contends that he is entitled to habeas corpus relief. He argues (1) that his constitutional rights were violated because he was not advised of his right to counsel during his initial appearance before a magistrate, (2) that he did not knowingly waive his right to counsel, (3) that he was not present during the initial appearance, (4) that he did not waive his presence, (5) that he did not waive his rights to cross-examine and to subpoena witnesses, (6) that he did not waive his right to counsel "for the purpose of an appeal to provide a transcript," and (7) that he has "an interest in loss of property for each day he was illegally confined."

In any event, the record reflects that the notice of appeal was untimely. The habeas corpus court entered an order summarily dismissing the petition for relief on August 20, 2020. The Petitioner "executed" the notice of appeal on September 23, 2020, and the record does not reflect when it was provided to the appropriate individual at the correctional facility in which the Petitioner is confined. *See* T.R.A.P. 20(g) (filing of pro se litigant incarcerated in correctional facility). The notice of appeal was filed with the appellate courts on September 28, 2020.

Tennessee Appellate Procedure Rule 4(a) requires that the notice of appeal be filed within thirty days "after the date of the entry of the judgment appealed from." The Petitioner needed to provide the notice of appeal to the appropriate prison official by Monday, September 21, 2020, as September 20 fell on Sunday. The notice of appeal was "executed" on September 23. As a result, the Petitioner's notice of appeal in connection with the habeas court proceeding was untimely, and we decline to waive the timely filing. The appeal is dismissed.

## II. Petition for a Writ of Error Coram Nobis

The Petitioner challenges the habeas corpus court's determination that a petition for a writ of error coram nobis is not the proper procedural mechanism to attack collaterally the summary dismissal of the habeas corpus petition.

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105(b) (2012); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995); *see Cole v. State*, 589 S.W.2d 941 (Tenn. Crim. App. 1979). The purpose of a coram nobis proceeding "is to bring to the attention of the court some fact unknown to the court, which if known would have resulted in a different judgment." *State ex rel. Carlson v. State*, 407 S.W.2d 165, 167 (Tenn. 1966). Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner establishes that he or she was "without fault in failing to present the evidence at the proper time." *Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003). The decision to grant or deny such a writ rests within the sound discretion of the court. *Jones v. State*, 519 S.W.2d 398, 400 (Tenn. Crim. App. 1974); *see Teague v. State*, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988).

The record reflects that the coram nobis petition did not allege newly discovered evidence that might have changed the outcome of his trial. The Petitioner alleged in his petition that the habeas corpus court failed to consider various "Errors of fact" before summarily dismissing the habeas corpus petition. The purpose of a writ of error coram nobis petition is to present newly discovered evidence, and the petition for relief in this

case was filed in an effort to litigate habeas corpus allegations, not newly discovered evidence. Therefore, the coram nobis court did not abuse its discretion by summarily dismissing the petition for a writ of error coram nobis.[1]

In consideration of the foregoing and the record as a whole, the appeal from the habeas corpus proceeding is dismissed, and the judgment of the coram nobis court is affirmed.

_____

ROBERT H. MONTGOMERY, JR., JUDGE

---

[1] We note that a petition for a writ of error coram nobis "must be dismissed as untimely unless it is filed within one year of the date on which the judgment of conviction became final in the trial court," unless due process "precludes application of the statute of limitations to bar consideration" of the petition. *State v. Mixon*, 983 SW2d 661, 670 (Tenn. 1999); *Workman v. State*, 41 SW3d 100, 103 (Tenn. 2001). However, whether the petition was untimely pursuant to the statute of limitations and whether due process required tolling the statute of limitations was not addressed by the parties or the coram nobis court.